ROBBIE OLAN CRAIG, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6341

January 28, 1971                    482 P.2d 325

*Robert G. Legakes,* Public Defender, and *David M. Schreiber,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City, *Roy A. Woofter,* District Attorney, and *Donald K. Wadsworth,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Appellant was charged with armed robbery and with being an habitual criminal under NRS 207.010. (See previous appeal at 85 Nev. 130, 451 P.2d 365 (1969).) He was duly convicted of the robbery charge, and after a hearing on the habitual criminal charge, was sentenced to life imprisonment on July 31, 1967. At the sentencing hearing, appellant's attorney argued with reference to the habitual criminal charge and then requested that appellant himself be allowed to speak. The trial judge denied this request and subsequently imposed sentence of life imprisonment.

Appellant brought this action for post-conviction relief on the basis that the trial judge's denial of his request to speak at the sentencing hearing was improper. This contention was rejected in the lower court. This appeal follows.

On appeal, it is asserted that the trial court's refusal to allow appellant to speak was contrary to the requirement of NRS 207.010(6).[1] This asserted error was not presented in appellant's earlier appeal from this conviction and sentencing, and because no reason is given to explain that omission, this application for post-conviction relief is barred. NRS 177.375; Stocks v. Warden, 86 Nev. 758, 476 P.2d 469; Rogers v. Warden, 86 Nev. 359, 468 P.2d 993 (1970).

---

[1]NRS 207.010(6) reads: "If a defendant charged under this section is found guilty of, or pleads guilty to, the primary offense, but denies any previous conviction charged, the court shall determine the issue of such previous conviction after hearing all relevant evidence presented on such issue by the prosecution and the defendant. The court shall impose sentence pursuant to subsections 1 and 2 of this section upon finding that the defendant has suffered previous convictions sufficient to support an adjudication of habitual criminality."

Appellant's attorney spoke in his behalf at the sentencing. He therefore cannot now claim that he was deprived of any due process rights at the sentencing hearing.

Affirmed.