ROBERT WILLIAM WALLACE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6804

October 16, 1972 501 P.2d 1036

*H. Dale Murphy*, Public Defender, and *Michael R. Specchio,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, *Robert Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

By a split decision, the Court of Appeals for the Ninth Circuit remanded this case to the state district court for an evidentiary hearing on the voluntariness of a confession given by Wallace to the police, or in lieu thereof, a new trial. Wallace v. Hocker, 441 F.2d 219 (9 Cir. 1971). The federal appellate court believed that the trial record did not show with "unmistakable clarity," Sims v. Georgia, 385 U.S. 538 (1967), that the trial judge first had determined that the confession was freely and voluntarily given before allowing the jury to hear it, Jackson v. Denno, 378 U.S. 368 (1964). Accordingly, the state district court held an evidentiary hearing and determined that the confession was voluntarily given. This appeal is from that decision.

The record shows substantial evidence to support the ruling below. Normally, we would affirm without hesitation.[1] In this case, however, evidence favorable to the defendant became known to him and to his counsel for the first time at the evidentiary hearing. That evidence was the written report of Dr. Toller, a psychiatrist, who, at the request of the district attorney, had examined the defendant within 48 hours after the

---

[1] On direct appeal we affirmed the district court on that issue. Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968). Moreover, we believed that the intendment of Jackson v. Denno, supra, had been met, although that point was not squarely presented and we, therefore, did not discuss it.

alleged crime had taken place. The doctor concluded that Wallace was "mentally ill at this time with a depressive reaction. The cause appears to be financial and marital problems. I would like to see him again, after he is over the acute physical trauma."

That report was delivered to the district attorney and was never disclosed to defense counsel notwithstanding a pre-trial court order admonishing the prosecutor to submit to defense counsel all evidence favorable to the defendant.[2] Neither was that report submitted to the trial court for in camera inspection. The mental condition of the defendant became an issue during the trial when a psychiatrist, testifying on his behalf, stated that at the time of the homicide, the defendant was suffering from a gross stress reaction that would impair his ability of judgment. The prosecutor did not call Dr. Toller as a rebuttal witness. Rebuttal testimony was given through another psychiatrist who had not examined the defendant and who offered his opinion about the accused's mental condition on the basis of a hypothetical question asked by the prosecutor. In short, the Toller medical report was suppressed, and Dr. Toller did not testify at the trial.

 █

Dr. Toller finally did testify—almost four years later at the post-conviction hearing we are now reviewing. He explained his report and testified, in substance, that the mental illness from which Wallace was suffering shortly after the homicide was an emotional reaction that did not impair his intellect. This testimony together with other evidence impelled the district court to conclude that Wallace voluntarily gave his confession. Post-conviction relief, therefore, was denied. That court did not decide the suppression issue which arose during the hearing since it was beyond the scope of the remand from the federal appellate court. This, we think, was error. The issue was tendered as soon as defense counsel became aware of it.

 ██

The prosecutor cannot be allowed to suppress evidence which is relevant to the charge and prima facie favorable to the accused. It is a violation of due process for the prosecutor to withhold exculpatory evidence, and his motive for doing so

---

[2]Present counsel for the State did not handle either the trial or the direct appeal from the judgment of conviction. Both occurred before the last general election following which a new district attorney took office.

is immaterial. Brady v. Maryland, 373 U.S. 83 (1963); cf. O'Brien v. State, 88 Nev. 488, 500 P.2d 693 (1972). He is the representative of a sovereignty whose obligation is to govern impartially and whose interest in a criminal prosecution is to see that justice is done. Berger v. United States, 295 U.S. 78, 88 (1935). Such unfairness has been condemned whenever it has come to the court's attention. For example, in Ashley v. Texas, 319 F.2d 80 (5 Cir. 1963), the prosecutor withheld psychiatric reports that the defendant was not competent to stand trial. In United States ex rel. Thompson v. Dye, 221 F.2d 763 (3 Cir. 1955), the defendant tried to establish that because he was intoxicated at the time of the killing, he lacked either the capacity required for first degree murder or, at least, the culpability to deserve the death penalty. The prosecutor did not disclose to the defendant that the officer who had arrested him within four hours of the crime had told the prosecutor that the defendant then appeared to be under the influence of liquor. In Alcorta v. Texas, 355 U.S. 28 (1957), the defendant claimed that he killed his wife when he caught her kissing one Castelleja in a parked car late at night. The prosecutor did not disclose to the defendant that Castelleja had told the prosecutor that he and the defendant's wife had engaged in sexual intercourse five or six times. During trial, Castelleja testified that he and the defendant's wife were not in love and had not had any dates. Notwithstanding this testimony, the prosecutor withheld the conversation he had had with Castelleja. See also: People v. Murdock, 237 N.E.2d 442 (Ill. 1968); Hamric v. Bailey, 386 F.2d 390 (4 Cir. 1967); McMullen v. Maxwell, 209 N.E.2d 449 (Ohio 1965); State v. Vigliano, 232 A.2d 129 (N.J. 1967); In re Kapatos, 208 F.Supp. 883 (S.D.N.Y. 1962). In each of the cited cases the conviction was set aside.

The relevancy of the Toller report cannot seriously be questioned. It bore directly upon the mental condition of the accused, the reliability of his confession, and the degree of his guilt. The testimony of Dr. Toller given four years later at an evidentiary hearing before the court cannot possibly cure the infirmity of the original trial where the jury ultimately had to decide the mental condition of Wallace as it related to the reliability of his confession and the degree of his guilt. The jury was precluded from giving careful consideration to all relevant evidence by reason of the prosecutor's suppression of the Toller report. The inevitable consequence of the prosecutor's misconduct is a clear denial of a fair trial, and the need

for another trial, at public expense, to correct fundamental error, all of which would have been avoided by a prosecutor mindful of his true responsibility to the defendant and to the public.

The conviction is set aside and this case is remanded to the district court for a new trial.

ZENOFF, C. J., and BATJER and GUNDERSON, JJ., concur.

MOWBRAY, J., dissenting:

Respectfully, I dissent from the majority's ruling reversing the order of the district court which held that Wallace's confession had been voluntarily made.

I agree with the views of the majority regarding the prosecutor's conduct in this case. He had a duty to disclose to the defendant before trial Doctor Toller's report, and it was improper for him not to do so. In this case, however, Doctor Toller did testify at the subsequent evidentiary hearing before Judge Bowen that the mental illness of Wallace referred to in his report was an emotional reaction that did not impair Wallace's intellect. Consequently, I fail to see where Doctor Toller's testimony would have had any bearing on the issues presented at trial. Therefore I would affirm the order of the district court holding that Wallace's confession was given voluntarily, and I would uphold his conviction.