WARDEN, NEVADA STATE PRISON, APPELLANT, *v.* JOSEPH LISCHKO, RESPONDENT.

No. 7088

June 10, 1974                                        523 P.2d 6

[Rehearing denied August 6, 1974]

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Chief Deputy District Attorney, Washoe County, for Appellant.

*Vargas, Bartlett & Dixon,* and *J. Rayner Kjeldsen,* of Reno, for Respondent.

222

## OPINION

By the Court, THOMPSON, C. J.:

This appeal by the State is from an order of the district court granting post-conviction relief in the form of another trial. That court found that Joseph Lischko was denied the effective assistance of counsel in connection with his 1970 trial upon the charge of kidnapping. He was then represented by privately retained counsel. A jury found him guilty as charged and judgment was duly entered upon the verdict. Different counsel was appointed to prosecute an appeal to this court. The judgment of conviction was affirmed. Lischko v. State, 87 Nev. 493, 489 P.2d 89 (1971). On appeal, he did not assert that he had been denied the effective assistance of counsel at trial. The present post-conviction proceeding was instituted through still another attorney of Lischko's choice, and after an evidentiary hearing thereon, resulted in the order granting another trial from which the State has taken this appeal.

1.   Although the district court properly may have refused to entertain Lischko's post-conviction petition because of his failure to urge the incompetency of trial counsel as a claim of error upon direct appeal,[1] it chose instead to conduct an

---

[1]See: NRS 177.375(2)(b); Roseneau v. State, 90 Nev. 161, 521 P.2d 369 (1974); Johnson v. Warden, 89 Nev. 476. 515 P.2d 63 (1973); Craig v. Warden, 87 Nev. 39, 482 **P.2d 325 (1971).**

evidentiary hearing and rule upon the merits. That choice fell within its discretionary power. Consequently, we must review the merits also and decide, as a matter of law, whether due process was denied Lischko at trial by reason of the alleged ineffective assistance of counsel.

2. The standard by which such a claim is to be tested is whether the effectiveness of counsel was of such low caliber as to reduce the trial to a sham, a farce, or a pretense. Layton v. State, 87 Nev. 598, 602, 491 P.2d 45 (1971); Smithart v. State, 86 Nev. 925, 931, 478 P.2d 576 (1970); Bean v. State, 86 Nev. 80, 92, 465 P.2d 133 (1970). It is presumed that counsel fully discharged his duties, and that presumption can only be overcome by strong and convincing proof to the contrary. Smithart v. State, supra. Measured by this standard we are wholly unable to find, as did the district court, that trial counsel's handling of the case was ineffective and inadequate, and resulted in the deprivation of constitutional rights. We turn to express our view in this regard.

Preliminarily, we note that in October 1969, Lischko and William McCoole jointly were charged with having kidnapped one, Dean Petersen, for the purpose of ransom. Lischko retained private counsel. McCoole was represented by the Public Defender of Washoe County. Neither defendant testified at the trial. Each was convicted and sentenced to prison. Sometime later, a third participant in the offense, a Robert Sheridan, was apprehended, tried and convicted. Lischko's appeal to this court was denied. Almost three years later, this post-conviction proceeding was commenced in which, for the first time, trial counsel is charged with incompetency. The charge is premised mainly upon the fact that counsel elected not to have Lischko testify on his own behalf and tell the story that the whole affair was a hoax planned by the victim's sister, Faye Petersen.

At the evidentiary hearing counsel stated several reasons for his decision not to offer Lischko as a witness. Faye Petersen, who according to Lischko, set up the kidnapping plot, was the person who initiated steps which culminated in a report to law enforcement and the subsequent arrests. Counsel could not square that conduct on her part with his client's tale that she had planned the hoax. Moreover, counsel knew of a recorded statement given by Lischko after his arrest to the district attorney, which could be used to impeach Lischko were he to testify. Finally, the private investigator counsel had hired before

trial in an effort to uncover evidence to corroborate Lischko's story found nothing of value. For these reasons and others counsel elected not to offer Lischko as a witness. Counsel had practiced law for many years and had extensive experience in the handling of criminal cases. Contrary to the view of the district court, we find it quite impossible at this late date to declare counsel's trial strategy an indicia of ineffective or inadequate representation.

The lower court apparently gave weight to the following bits of evidence in deciding that Lischko should have another trial. Lischko testified that he wished to take a lie detector test before trial, but that his counsel would not permit him to do so. Counsel did not recall Lischko having expressed that wish. In April 1972 long after the trial, a lie detector test was administered to Lischko and the examiner was of the opinion that his responses to questions were truthful. This was followed in May 1972 by an interview of Lischko while under sodium amytal and the doctor concluded "that the descriptions given are at a high level of validity." Although the results of those tests may weigh in favor of the petitioner's truthfulness, neither narco-interrogation nor the lie detector method has received court recognition as possessing the trustworthiness and reliability needed to accord the results the status of competent evidence. Vol. 3A, Wigmore, Chadbourn Revision, §§ 998, 999 (1970). Moreover, it is evident that the test results have no bearing at all upon the charge that trial counsel was ineffective. Counsel accepted his client's story as the truth and urged the defense of a hoax during his closing argument to the jury. Had the test results been available before trial, they would not have been admissible evidence during trial, nor may we assume that counsel's decision not to offer Lischko as a witness would have been altered thereby.

Finally, the district court believed that counsel failed to adequately investigate the case before trial. The record does not demonstrate this to be so. It reveals only that counsel hired a private investigator who was unable to corroborate Lischko's story of a hoax. The investigator's reports are not in the record. We are not informed as to the details of his work, nor as to the extent of his investigation. There was nothing of substance before the court upon which it properly could charge counsel with an inadequate pretrial investigation.

In short, the record before us does not show by clear and

convincing evidence that counsel's representation was of such low caliber as to reduce the trial to a sham, a farce, or a pretense.

Reversed.

BATJER, J., and COMPTON, D. J., and McDANIEL, D. J., concur.

MOWBRAY, J., dissenting:

Respectfully, I dissent.

This is an appeal from an order of the district court granting Joseph Lischko's petition for post-conviction relief and ordering a new trial.

Lischko was tried before a jury and convicted of first-degree kidnapping. He was sentenced to serve 20 years in the Nevada State Prison. At the time of his arrest, Lischko secured private counsel, who represented him throughout his trial. Lischko did not take the stand, nor were any witnesses called in his behalf. His conviction was appealed by court-appointed counsel. This court affirmed, rejecting the issues upon which the direct appeal was then predicated. Lischko v. State, 87 Nev. 493, 489 P.2d 89 (1971).

On July 20, 1972, Lischko, through his present counsel, filed a petition for post-conviction relief in the district court. He claimed that he was denied effective assistance of counsel during his jury trial, in derogation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution.

The petition was heard before the late Judge Emile Gezelin, who had presided at Lischko's jury trial. Judge Gezelin, after conducting an extensive evidentiary hearing, held that the petition was meritorious and granted Lischko a new trial. He specifically found that Lischko's trial counsel had failed to properly investigate certain alleged facts and circumstances which, because they would have gone to the impeachment of statements made by the prosecution's witnesses, fatally impaired counsel's ability to make informed decisions on behalf of his client. The judge carefully distinguished between those cases involving failure to make a careful *inquiry* in order to present an adequate defense, and those cases where counsel, having made such an inquiry, then made tactical or strategic errors in his handling of the case. Judge Gezelin did not consider the evidence presented to him at the post-conviction relief hearing in a vacuum, but rather against the background of the entire case. He presided over the trial resulting in the conviction of Lischko, and he thereafter determined, in light of all the facts

before him, from his impressions at the trial, and from the evidence produced at the hearing, that Lischko's basic rights had been violated.[1]

The majority would now substitute its opinion on a factual determination as to the effectiveness of counsel for that of the trial judge in his role as trier of fact. This court, in State v. Sorenson, 73 Nev. 218, 315 P.2d 508 (1957), cited and quoted with approval People v. Canfield, 173 Cal. 309, 159 P. 1046, 1047:

". . . 'It was for the judge of the trial court to say what had been the effect of the evidence upon the jury, and whether or not the defendant, *in view of all the facts,* had been given a fair trial. . . . The judge, who presided at the trial of the cause, who heard the testimony, who observed the jurors and had an opportunity also of testing the truth of the defendant's statements by noticing his demeanor, was in a peculiarly favorable position for determining justly the question whether or not the defendant had been accorded a fair trial. . . . *We can hardly manufacture in fancy an hypothetical situation in which a reviewing court would be justified in questioning the discretion of the trial court who should grant a new trial in a case involving a criminal charge. . . .'*" (Emphasis added.) State v. Sorenson, *supra,* at 223–224. See also, State v. Varga, 66 Nev. 102, 124, 205 P.2d 803 (1949).

The views expressed in Sorenson parallel my position in this case. We know nothing regarding the ultimate merit of Lischko's story, but we do know that the trial judge, who presided at Lischko's jury trial and who sentenced him to the state penitentiary, did conclude, after carefully considering Lischko's petition and the evidence adduced at the hearing thereon, that justice demanded Lischko be given a new trial. In the conceded absence of any judicial irregularity, I would not interfere with that conclusion.

A review of the record below shows no abuse of discretion

---

[1] Judge Gezelin ruled, *inter alia,* in his decision:
"It was the Judge of this court who presided at the original trial. The impressions received at the original trial and which are now supplemented with the allegations of the petition, together with evidence presented at the evidentiary hearing[,] convince the Court that the matters complained of resulted from a failure on the part of counsel to adequately inquire and investigate facts and circumstances in order to be in a position to make informed decisions on behalf of his client. Counsel's decisions based upon lack of information denied the petitioner the right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution."

by the district judge, but, rather, substantial evidence to support his order. In my opinion, such an order should not be disturbed on appeal. Wallace v. State, 88 Nev. 549, 550, 501 P.2d 1036 (1972). I would affirm the order of the district court granting the petition for post-conviction relief and ordering a new trial.