ROBERT LEE CONLEY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7760

December 20, 1974                    529 P.2d 793

*Horace R. Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *William P. Beko,* District Attorney, and *Peter L. Knight,* Deputy District Attorney, Nye County, for Respondent.

## OPINION

*Per Curiam:*

A jury found Robert Lee Conley, the appellant, guilty of battery committed with a deadly weapon. He seeks reversal of his judgment of conviction on the sole ground that he was denied the effective assistance of counsel during his trial, in derogation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. His complaint is narrowed to two specifics: (1) That his trial counsel failed to object to the testimony of one of the State's witnesses "who could recall nothing at the preliminary hearing but at trial had one hundred percent (100%) recall" and (2) counsel failed to object to an opinion offered by a defense witness on cross-examination by the State.

Conley's objections are without merit. Approximately 15 persons witnessed the battery, and the sole issue was whether the battery (a shooting) was in self-defense. A jury resolved the issue against Conley and found him guilty.

Even if the omissions of counsel could be granted the status of materiality, they fall far short of the standard this court recently announced in Warden v. Lischko, 90 Nev. 221, 222, 523 P.2d 6, 7 (1974):

"The standard by which such a claim is to be tested is whether the effectiveness of counsel was of such low caliber

as to reduce the trial to a sham, a farçe, or a pretense. [Citing cases.] It is presumed that counsel fully discharged his duties, and that presumption can only be overcome by strong and convincing proof to the contrary. . . ."

Indeed, the record in the instant case reflects a creditable effort on the part of Conley's trial counsel. The judgment is therefore affirmed.