JESSE WINGFIELD, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7711

May 30, 1975             535 P.2d 1295

*Horace R. Goff,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City, and *George E. Holt,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

In 1965, appellant pleaded guilty to second-degree murder, and was sentenced to ten (10) years to life in the Nevada State Prison. In 1973, appellant filed a petition for post-conviction relief with the district court alleging his guilty plea was involuntarily entered and seeking to withdraw it. After an evidentiary hearing, the district court denied the petition. This appeal follows.

On appeal, appellant contends his guilty plea was involuntary for two reasons: 1. He was not apprised of the possible sentence he could receive; 2. He was represented by ineffective counsel. Both contentions lack merit.

1. Appellant contends that his plea was not knowingly and voluntarily entered because both the district judge and his counsel failed to inform him of the possible sentence he could receive. This contention is without support. Appellant entered his plea upon the advice of counsel, and as such it is presumptively valid. United States Ex Rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970). The transcripts of appellant's appearances to enter a plea and for sentencing are no longer available, having been destroyed by the court reporter in 1972. We do not condone this practice; however, appellant nonetheless had the burden of showing the invalidity of the plea. Moore v. Swenson, 360 F.Supp. 583 (D. Mo. 1973).

As noted, as was proper, the district court conducted an evidentiary hearing. Cf. Machibroda v. United States, 368 U.S. 487 (1962). At such hearing, appellant's counsel testified he discussed with appellant the possible options involved in a first-degree murder charge, including possible consequences if appellant were to be convicted of that charge. This is substantiated by appellant's own testimony. Counsel further testified that although he could not remember, at this late date, all the particulars of his discussions with appellant, it was his practice always to inform his clients of the sentences that

could be imposed upon a plea of guilty. We believe the district court could properly determine that appellant failed to show his plea was not entered knowingly and voluntarily.

2. Appellant's contention that he was represented by ineffective counsel has no support. "It is presumed that an attorney has fully discharged his duties. This presumption can only be overcome by strong and convincing proof to the contrary." Smithart v. State, 86 Nev. 925, 931, 478 P.2d 576, 580 (1970). At all stages of the proceedings, appellant was represented by court appointed counsel. Pursuant to appellant's request, the district court appointed a second defense counsel to assist with the case. Testimony at the evidentiary hearing below showed that appellant had fully discussed his case with counsel. We perceive no showing of inadequate representation. Cf. Masters v. State, 91 Nev. 170, 533 P.2d 765 (1975).

The order denying post-conviction relief is affirmed.