JOHN ROBERT JACKSON, Appellant, *v.* WARDEN, NEVADA STATE PRISON, Respondent.

No. 7913

July 31, 1975                                    538 P.2d 584

*Horace R. Goff,* State Public Defender, and *Michael R. Griffin,* Deputy State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

In March, 1965, a jury convicted John Robert Jackson of murder in the first degree, and he was sentenced to life imprisonment, with the possibility of parole.

The conviction was affirmed. See Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968), which contains the factual recitations of the homicide and resolution of the errors claimed on appeal.

On June 1, 1973, Jackson filed a petition for post-conviction relief raising, for the first time, multiple issues. The district judge denied relief, concluding that the now claimed errors had been waived because Jackson had failed to show good cause for his failure to present them during trial or on his prior appeal—as required by NRS 177.375(2).

In this appeal Jackson contends the trial court erred in failing to consider and resolve the various allegations of error in his petition.

The district judge's reliance on the waiver provision of NRS 177.375(2) was misplaced as that statute, in its present form, was not effective until July 1, 1973, a month after this action was initiated. See Stats. of Nev. 1973, ch. 349, pp. 436–439. However, even though the district judge erroneously relied on the new statute, the order denying post-conviction relief was correct. See Craig v. Warden, 87 Nev. 39, 482 P.2d 325 (1971), an analogous situation, where we declined to consider, in a post-conviction proceeding, claims not presented in an earlier appeal where there had been no reasonable excuse or explanation advanced for the prior failure to present the belated

claims. Accord: Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970); Rogers v. Warden, 86 Nev. 359, 468 P.2d 993 (1970).

Affirmed.