## MARTIN FRANK BAILEY AND ROBERT KENNETH SCHOULTZ, Appellants, v. THE STATE OF NEVADA, Respondent. ·
### No. 8246

June 14, 1978                                         579 P.2d 1247

*Horace R. Goff,* Nevada State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City for Appellant Bailey.

*Peter Chase Neumann,* and *John W. Hawkins,* Reno, for Appellant Schoultz.

*Robert List,* Attorney General, Carson City; *Michael Fondi,* District Attorney, and *Louis R. Doescher,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury verdict of burglary (NRS 205.060), appellants contend we must reverse because (1) they were denied their right to a speedy trial; (2) they were denied effective assistance of counsel; (3) the district court erred in instructing the jury; and, (4) the district court erred in admitting certain evidence. We disagree.

1. Appellants argue that the 224-day period between their arraignment and trial violated their Sixth Amendment right to a speedy trial. While long, the 224-day delay was not inordinate due to the congestion of the trial calendar and there is no evidence that the delay was intentional. This fact, when coupled with the finding that there was no prejudice by the delay, leads us to the conclusion that appellants did not suffer a deprivation of their right to a speedy trial. *See* Barker v. Wingo, 407 U.S. 514 (1972).

2. Appellants next contend they were denied effective assistance of counsel because the attorneys representing them were apathetic to their cause and did not expend the time and energies necessary to adequately prepare their defense.

In resolving this issue, our task is to measure counsel's conduct against an acceptable standard to which counsel must adhere. *See* De Kaplany v. Enomoto, 540 F.2d 975 (9th Cir. 1976). Three acceptable standards were delineated in United States v. Lemon, 550 F.2d 467 (9th Cir. 1977).[1] They are: "(1) whether counsel's performance was 'so poor and incompetent as to make the trial a farce or mockery of justice'; (2) 'whether the circumstances show a denial of fundamental fairness', and (3) whether there was a 'lack of effective aid in the preparation and trial of the case—lack of counsel likely to render and rendering reasonably effective counsel.' " *Id.* at 473.

Regardless of which of the three acceptable standards we employ, we are unable to conclude from the record that appellants were deprived of effective assistance of counsel. *See* Greenfield v. Gunn, 556 F.2d 935 (9th Cir. 1977). Cf. Chambers v. Maroney, 399 U.S 42 (1970); United States v. Waters,

---

[1] *See* Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6, 7 (1974), where this court said: "The standard by which such a claim is to be tested is whether the effectiveness of counsel was of such low caliber as to reduce the trial to a sham, a farce, or a pretense."

461 F.2d 248 (10th Cir. 1972). Moreover, "[i]t is presumed that counsel fully discharged his duties, and that presumption can only be overcome by stong and convincing proof to the contrary." Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6,7 (1974). The evidence in the record fails to rebut this presumption.

Indeed, the record indicates Bailey was afforded competent and effective representation in all phases of the proceedings, notwithstanding Bailey's refusal to cooperate in his own defense. In addition, Bailey's counsel on appeal has, with commendable candor, conceded that his review of the record failed to disclose any evidence to support Bailey's claim that he was denied effective legal representation. Counsel has, nevertheless, submitted this issue pursuant to the mandate of Anders v. California, 386 U.S. 738 (1967), and Sanchez v. State, 85 Nev. 95, 450 P.2d 793 (1969). The record also indicates Schoultz was adequately represented by experienced counsel at both the hearing on his petition for a writ of habeas corpus and at trial.

3. Appellants also contend it was reversible error to refuse their proposed instruction regarding circumstantial evidence.[2]

Because the convictions were based on circumstantial evidence, appellants argue the court must specially instruct the jury that in order to convict them such evidence must not only be consistent with guilt but also be irreconcilable with any other rational conclusion. In essence, appellants seek to have circumstantial evidence subjected to stricter scrutiny than direct or testimonial evidence. While some support for this special instruction can be found in other jurisdictions, "the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect, . . ." Holland v. United States, 348 U.S. 121, 139-140 (1954). *Accord,* United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969); Blakely v. State, 542 P.2d 857 (Wyo. 1975); State v. Wilkins, 523 P.2d 728 (Kan. 1974); State v. Harvill, 476 P.2d 841 (Ariz. 1970). *See* Vincze v. State, 86 Nev. 546, 472 P.2d 936 (1970) (involving a conviction based upon direct and circumstantial evidence,

---

[2]Appellants' proposed instruction read:
>  You are not permitted to find the defendant guilty of the crime charged against him based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt.
>  Also, if the evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and reject the other which points to his guilt.

citing *Holland* with approval).The rationale for this rule is manifest:

> Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more.

Holland v. United States, 348 U.S. at 140.

Here, a proper instruction regarding reasonable doubt was given to the jury and, there being no indication that other instructions were inadequate, "no additional instruction was required, and none would have been proper." United States v. Nelson, 419 F.2d at 1241. *Cf.* Vincze v. State, *supra.*

4. Appellants' final contention is that the district court erroneously admitted certain physical evidence consisting of tools allegedly used in the perpetration of the crime without requiring the prosecution to provide an adequate foundation. That evidence was connected to the burglary by testimony of several witnesses and, thus, was properly admitted. *See* United States v. Poe, 462 F.2d 195 (5th Cir. 1972); State v. Palmer, 459 P.2d 812 (Wash. App. 1969); Adcock v. State, 444 P.2d 242 (Okla. Crim. App. 1968). *Cf.* United States v. Natale, 526 F.2d 1160 (2d Cir. 1975). The fact that the tools could not be positively linked to either the crime or the defendants affects the probative weight of the evidence and not its admissibility. *See* Adcock v. State, *supra.*

Affirmed.