## RONALD GREGORY WHITE, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10286

February 28, 1979            591 P.2d 266

*W. Randall Mainor,* of Las Vegas, for Appellant.

*Robert J. Milller,* District Attorney, *H. Leon Simon,* Chief Appellate Deputy, and *James N. Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Ronald Gregory White, found guilty of extortion, asks that we set aside his conviction asserting that he was denied the effective assistance of counsel. He also contends that words uttered by the prosecutor during summation amounted to a comment on his failure to testify thereby nullifying a fair trial. We find no merit to either contention and affirm the conviction.

On September 23, 1976, Charlene Coffman received a telephone call from a man identifying himself as Mr. Taylor from the K. O. Knudson Junior High School. She was told that her daughter had not made it to school and that she would be raped and killed unless Mrs. Coffman complied with his demands. After the conversation, Mrs. Coffman's father notified the police. It then was learned that her daughter was in school. A detective, who had investigated 40 to 50 similar phone calls, arrived to talk with Mrs. Coffman. He produced a tape recording of a voice for her to listen to. The tape featured a telephone message procured the previous day by the detective after dialing an advertised telephone number which had requested information about students at the Jo Mackey School. After listening to the recording a few times, Mrs. Coffman indicated that she was fairly certain that the voice she heard was that of the man who had called earlier. Detective Hoffman then requested Mrs. Coffman to dial the telephone number from which the tape recording had been obtained. Mrs. Coffman complied and was able to make a personal contact. During the ensuing conversation, Mrs. Coffman indicated to Hoffman that she was certain the person she was talking to was the extortioner. Having already discovered that the advertised telephone number had been placed by Ronald White, Detective Hoffman immediately proceeded to White's residence where he placed White under arrest for extortion.

At the police station, White informed Detective Hoffman that he had not made any phone calls that day and had been gambling at the Golden Nugget at the time Mrs. Coffman received her call. Hoffman then escorted White to the Golden

Nugget in an attempt to verify this alibi. However, the dealers with whom White had allegedly been gambling were gone and no one else was able to recall White's presence earlier that day.

1.  His claim of ineffective counsel rests mainly upon the alleged failure of counsel to pursue the Golden Nugget alibi defense. The record is silent as to whether counsel attempted to locate the two female dealers with whom White said he was gambling when the Coffman telephone call was made. Consequently, we are unable to evaluate this particular contention. Perhaps counsel did interview them only to learn that they would not confirm White's story. Maybe White privately informed counsel that his alibi was false. Indeed, other testimony indicated that White's presence at the casino would have been remembered had he been there because of his distinctive physical appearance, the amount of money allegedly lost, and the lack of activity at the casino during the time in question, and that his presence was not remembered.

Counsel is presumed to have discharged his duties. This presumption is overcome only by strong and convincing proof to the contrary. Shuman v. State, 94 Nev. 265, 578 P.2d 1183 (1978); Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970). A silent record is the equivalent of no proof at all.

It is contended that counsel should have objected to Mrs. Coffman's identification of the defendant's voice from the tape recording. This identification was preliminary and later was confirmed when Mrs. Coffman called the defendant personally and again identified his voice as that of the extortioner. Moreover, another witness, also a victim of the same type of extortionate call, had listened to the tape recording and had identified the taped voice as that of the extortioner. Positive voice identification is not required. The identity of the person on the other end of the line may be shown by circumstantial evidence. State v. Billings, 84 Nev. 55, 436 P.2d 212 (1968); King v. State, 80 Nev. 269, 392 P.2d 310 (1964). In these circumstances, the assertion that counsel's representation was ineffective by reason of his failure to object to voice identification evidence is without substance. We perceive no foundation for the claim of ineffective counsel under any test.[1]

---

[1] The test in Nevada is whether the representation of counsel was of such low caliber as to reduce the trial to a sham, farce or pretense. Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974).

The Ninth Circuit Court of Appeals prefers a less stringent test, that is,

2. During closing argument the prosecutor said: "Now, the defendant says on July 26, 'I was on a bus.' Excuse me. Mr. Confer says that on July 26, 1976, the defendant was in a bus on his way to Denver." [July 26 was the day another witness, Patricia Roberts, had received the same type of extortionate phone call which she identified as a call from White. The testimony of Mr. Confer to which the prosecutor alluded was produced by defense counsel to impeach the testimony of Patricia Roberts.]

We are asked to construe those words as a comment on the defendant's failure to testify. They amount to nothing more than a slip of the tongue which counsel promptly corrected. The jurors knew that the defendant did not take the stand, and that the prosecutor's statement "the defendant says ................." was incorrect. We perceive no error.
Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.

whether counsel rendered reasonably effective assistance. Cooper v. Fitzharris, 551 F.2d 1162, 1166 (9th Cir. 1977). Heretofore, we have recognized the different standards used to decide a claim of ineffective counsel. Bailey v. State, 94 Nev. 323, 579 P.2d 1247 (1978).