ROBERT L. BOYLE, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 11792

December 13, 1979                                603 P.2d 1068

*Stephen R. Wassner,* Zephyr Cove, for Appellant.

*Richard H. Bryan,* Attorney General, and *Richard E. Thornley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a plea bargain, appellant Boyle pleaded guilty on May 12, 1978, to armed robbery. NRS 200.380; NRS 193.165. The plea bargain included a commitment by the prosecution not to prosecute Boyle as an habitual criminal under NRS 207.010. Boyle was subsequently sentenced to two consecutive four-year terms in the Nevada State Prison. The First Judicial District Court denied his petition for a writ of habeas corpus and this appeal followed, appellant being represented on appeal by different counsel.

Appellant contends he made neither a voluntary nor intelligent guilty plea because (1) his attorney failed to verify whether Boyle could have been prosecuted as an habitual criminal; and, (2) the memorandum of plea bargain used the term "armed robbery" leading him to believe that he was pleading to only one offense and he would receive only one sentence.

It is well established that a plea of guilty must be entered intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238 (1969); Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970); *see*

*also* Patton v. Warden, 91 Nev. 1, 530 P.2d 107 (1975); Armstrong v. Warden, 90 Nev. 8, 518 P.2d 147 (1974); Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). Appellant argues that had his attorney more fully advised him about the bargain, he would not have entered a guilty plea. Thus, he argues, the plea was not taken voluntarily and intelligently as required by *Higby,* and its progeny.

(1) In his first contention of error appellant offers no evidence that he could not have been convicted as an habitual criminal. He alleges, however, that his attorney should have verified the prior convictions before recommending to appellant that he enter into the plea bargain. Counsel's reasons for not researching this matter further appear in the record in an affidavit in which he states: "ROBERT BOYLE . . . stated to me that he had been convicted of at least two prior felonies [and he] never disputed those convictions . . . despite the fact that he had been informed . . . of the necessary proofs required to be convicted as an habitual criminal."

"It is axiomatic that a guilty plea 'lacks the required voluntariness and understanding if entered on advice of counsel that fails to meet the minimum standards of effectiveness derived from' the Sixth Amendment." United States v. Sanderson, 595 F.2d 1021, 1022 (5th Cir. 1979). We have always maintained that to find ineffective assistance of counsel, we must find that counsel's representation was of such a low caliber as to reduce the proceeding to a sham, a farce, or a pretense. *See* White v. State, 95 Nev. 159, 591 P.2d 266 (1979); Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974). We are here urged to adopt a less stringent test, that is, whether counsel rendered reasonably effective assistance. Cooper v. Fitzharris, 586 F.2d 1325 (9th Cir. 1978), *cert. denied,* 440 U.S. 974 (1979).

Under any test, however, the presumption that an attorney has fully discharged his duties may be overcome only by strong and convincing proof to the contrary. *See* White v. State, *supra;* Shuman v. State, 94 Nev. 265, 578 P.2d 1183 (1978); Lambert v. State, 94 Nev. 68, 574 P.2d 586 (1978); Warden v. Lischko, *supra.* We have considered the record and perceive no foundation for the claim of ineffective assistance of counsel under any test. *See* White v. State, *supra.*

(2) Appellant next contends that in agreeing to a guilty plea for "armed robbery," he thought he was pleading guilty to a single offense when he was, in effect, pleading guilty to two separate offenses, robbery (NRS 200.380) and use of a weapon

in the commission of a crime (NRS 193.165). However, NRS 193.165 does not create a separate offense but rather provides for an enhancement of the sentence when a weapon is used. NRS 193.165(2). Moreover, the record affirmatively discloses that appellant was fully and correctly advised as to the weapon-enhancement provision as well as the range of possible sentences that could be imposed. Under these circumstances, we find his argument that his plea of guilty on a charge of "armed robbery" was not intelligently made, to be without merit. *See* Armstrong v. Warden, *supra*.

Appellant's other contentions are without merit. Accordingly, we affirm appellant's conviction and sentence.