CHARLES HANSEN WYNN, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 11061

August 18, 1980            615 P.2d 946

*John J. Graves, Jr.,* Las Vegas, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Ira H. Hecht,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Charles Hansen Wynn appeals from a judgment of conviction entered on a plea of guilty to robbery (NRS 200.380) with use of a deadly weapon in commission thereof (NRS 193.165). He also appeals from denials of motions to withdraw his pleas of guilty.

On May 13, 1977, a grand jury indicted appellant. On June 21, the district attorney filed a "supplemental information," alleging that the appellant had been previously convicted of

crimes amounting to felonies in Nevada. NRS 207.010. On December 22, appellant, appearing with court-appointed counsel, pleaded guilty to the charges in the indictment, and the court accepted his plea. As part of the negotiated plea bargain, the district attorney had agreed that he would not pursue the habitual criminal charges, that he would stand silent at sentencing, and that appellant could be released on his own recognizance pending sentence. After his release from jail, police arrested appellant on other charges. The State's subsequent motion to revoke the O.R. release was granted.

On March 6, 1978, new counsel argued appellant's motion to withdraw the plea of guilty. Counsel contended to the district court that the prosecutor breached the plea bargain by seeking revocation of the O.R. release, and further that the trial court failed to canvass appellant properly when the plea was entered. The court denied the motion.

On May 15, appellant appeared for the sentencing. Learning that appellant had moved in proper person to withdraw his plea, asserting ineffectiveness of counsel, the sentencing court continued the hearing to May 19. At that time, appellant requested the court to appoint another attorney to argue the issue relating to effectiveness of counsel, for his then counsel understandably felt unable to argue it. After argument from the district attorney, from appellant, and from the appellant's attorney on other issues, the trial court denied appellant's motion to withdraw his plea.

1. We begin by noting that a plea of guilty is presumptively valid, Wingfield v. State, 91 Nev. 336, 535 P.2d 1295 (1975), and that the burden is upon appellant to show denial of appellant's motion to withdraw a plea constituted a clear abuse of discretion. State v. District Court, 85 Nev. 381, 455 P.2d 923 (1969).

Appellant argues that the trial court committed reversible error in failing to ascertain that there was a factual basis for the plea, citing Supreme Court and federal cases interpreting Rule 11, F.R.Cr.P.[1] He also argues that the trial court erred in failing to explain the elements of the offense to the appellant, citing Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970).

Although the criteria of *Higby* remain suitable as a guideline

---

[1] *See, e.g.,* Henderson v. Morgan, 426 U.S. 637 (1976); McCarthy v. United States, 394 U.S. 459 (1969).

for our courts to follow, Boykin v. Alabama[2] required only that the record must affirmatively disclose that a plea has been entered understandingly and voluntarily.[3] Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973). Here, the canvass directed itself to mandatory constitutional issues and constitutional rights being waived by the appellant. Appellant was represented by counsel. No promises of leniency were made to the appellant. Appellant admitted to the trial court that he was pleading guilty because, in truth and in fact, he was guilty of the crime charged. Hence, we hold the canvass sufficient to disclose upon the record that appellant entered his plea understandingly and voluntarily. We decline to impose upon our trial judges the rigid requirements imposed upon federal judges when pleas are taken under F.R.Cr.P.11.

2.    We next consider whether the trial court otherwise erred, in refusing to set aside the pleas of guilty to robbery and use of deadly weapon. In this regard, we think appellant has failed to show that the trial court clearly abused its discretion. State v. District Court, cited above.

The plea bargain was not breached when appellant's other criminal activity resulted in his re-arrest and further incarceration. When the appellant was released from jail on his own recognizance, we think the prosecutor had fulfilled that part of the bargain. *Cf.* Rouse v. State, 91 Nev. 677, 541 P.2d 643 (1975) (defendant's subjective belief that he would receive probation not a basis for setting aside his plea).

Appellant argues that the trial court erred in denying the second motion to withdraw his plea. The appellant first argues that the attorney was ineffective because he failed to investigate the previous convictions and, had he investigated, he would have discovered that one of the convictions alleged in the supplemental complaint was entered in the absence of counsel. We find no clear abuse of discretion in the trial court's refusal to allow the appellant to withdraw his plea and affirm.

At the time the proper person motion was heard, the appellant made no showing beyond his own nude statement that one

[2]395 U.S. 238 (1969).

[3]NRS 174.035(1) provides:

"1.    . . . The court may refuse to accept a plea of guilty, and shall not accept such plea . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea."

of the listed convictions had been entered when he was without counsel. Appellant produced no court records from which it could be demonstrated that he did not have counsel, nor did he tender any reason why he could not have done so. Appellant made no showing whatsoever to warrant a belief that a deeper investigation might have revealed a lack of counsel in regard to any of the three convictions upon which the habitual criminal charges were predicated. We also note from a review of the record that even after appointment of present counsel, no evidentiary support for appellant's claim was tendered to the district court. At a hearing for bail pending appeal, present counsel asked the court to consider the pending petition for writ of habeas corpus as a motion to set aside the plea. The appellant was sworn and testified, but, again, he failed to substantiate his claim, even by so much as stating which of the three previous convictions listed in the supplemental information had been entered without benefit of counsel. Appellant may have relied upon the rule that, in proceeding under NRS 207.010, the State must prove previous convictions had been entered with advice of counsel, or after a valid waiver. *Cf.* Burns v. State, 88 Nev. 215, 495 P.2d 602 (1972). In any case, appellant simply failed to sustain his burden of proof on the motion to set aside his plea. *Cf.* Boyle v. Warden, 95 Nev. 888, 603 P.2d 1068 (1979).

Appellant's second claim that counsel was ineffective is based, in part, upon an assumption that if an accused is indicted, and the district attorney thereafter decides to proceed under NRS 207.010 to have him adjudged an habitual criminal, the district attorney must return to the grand jury and must request the grand jury to include allegations of previous convictions in the indictment. In this case, the district attorney obtained leave of court to file a supplemental information, over appellant's former counsel's objections. Although the applicable provisions of NRS 207.010 arguably are not models of clarity, former counsel was not ineffective merely because he did not pursue the issue once the plea bargain was offered.[4]

[4]NRS 207.010 provides, in part:

"4. It is within the discretion of the district attorney whether or not to include a count under this section in any information, and the trial judge may, at his discretion, dismiss a count under this section which is included in any indictment or information.

"5. In proceedings under this section, each previous conviction shall be alleged in the accusatory pleading charging the primary offense, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of such conviction be read in the presence of a jury trying such offense."

Counsel did all that could be expected of him. Cline v. State, 90 Nev. 17, 518 P.2d 159 (1974). Inasmuch as allegations of prior convictions merely serve as notice that the State intends to proceed against a defendant as an habitual criminal, there arguably is little reason to require the district attorney to return to the grand jury to have its members pass upon such allegations. Habitual criminal proceedings are not separate offenses, but are solely to determine facts that, if true, will affect the punishment. Hollander v. Warden, 86 Nev. 369, 468 P.2d 990 (1970).

Nor do we agree that the trial court erred in refusing to appoint additional counsel to assist the appellant with his argument based on ineffectiveness of counsel. Appellant was represented by counsel at the May 19 hearing. His present counsel argued his claims again at a post-sentence hearing, and again, the trial court rejected those arguments.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.