NOT DESIGNATED FOR PUBLICATION

No. 113,623

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM M. ANTRIM,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed June 24, 2016. Reversed and remanded.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

LEBEN, J.: William Antrim appeals the district court's denial of his 2014 motion to withdraw the no-contest plea he made in 2009. The district court denied the motion as untimely: Antrim didn't file it within a 1-year time limit, and the district court concluded that Antrim hadn't shown that he filed late due to excusable neglect, which would allow it to consider an untimely motion.

Antrim provided two reasons to support his claim of excusable neglect: (1) that he didn't know about the time deadline; and (2) that his mental illnesses and limited mental

competence excused the late filing. We agree with the district court that ignorance of the time deadline established by statute doesn't constitute excusable neglect; our Supreme Court made that ruling in *State v. Davisson*, 303 Kan. 1062, Syl. ¶ 7, 370 P.3d 423 (2016). But we are not able to determine whether Antrim's mental illnesses and limited mental competence might constitute excusable neglect in this case.

The district court must allow a hearing unless its records conclusively show that the defendant is not entitled to relief. See *State v. Williams*, 303 Kan. 605, 607, 366 P.3d 1101 (2016). As we will explain in this opinion, we cannot reach that conclusion on the record available to us. We therefore reverse the district court's judgment and remand the case for further proceedings on Antrim's motion.

FACTUAL AND PROCEDURAL BACKGROUND

Antrim pled no contest in 2009 to three counts of aggravated indecent liberties with a child under 14 years old. The mandatory sentence for each count is life in prison with no possibility of parole for 25 years (known as a "hard 25" sentence) unless the district court finds substantial and compelling reasons to impose a shorter sentence. K.S.A. 21-4643 (since recodified at K.S.A. 2015 Supp. 21-6627). When a defendant is convicted on more than one count, the district court also has the discretion to make the sentences consecutive (meaning that the defendant must serve each one after the other) or concurrent (meaning the defendant serves them at the same time). That obviously makes a big difference to a defendant like Antrim who has multiple long sentences. If the sentences are consecutive, he must be paroled on the first sentence before he begins to serve the second one, which has its own 25-year minimum.

At sentencing in June 2010, the State recommended the sentences run concurrently, as it had promised to do in the plea agreement. Antrim requested that the court make the necessary findings to impose a shorter sentence than prescribed by statute

or to sentence him to probation instead of prison. The district court denied both Antrim's request and the State's recommendation. Instead, the court imposed three consecutive hard-25 sentences, meaning that Antrim wouldn't be eligible for parole for at least 75 years.

Antrim appealed his sentences, arguing that the State had breached the plea agreement. But the Kansas Supreme Court rejected his argument and affirmed the sentences. *State v. Antrim*, 294 Kan. 632, 634-36, 279 P.3d 110 (2012). The court issued what's called the mandate (the final order closing the appeal) on September 20, 2012, and it was filed with the district court 4 days later. Under K.S.A. 2015 Supp. 22-3210(e)(1), that started a 1-year time period within which Antrim could file a motion to withdraw his plea.

On March 5, 2014, a little more than 5 months after that deadline, Antrim filed his motion to withdraw the plea, contending that the district court had failed to inform him of all his constitutional rights before he accepted the plea and that his attorney had been ineffective. As a result, he contended that his plea should be set aside. Antrim alleged that his attorney had coerced and threatened him to accept the plea, failed to research or investigate the background of the case, and "induced testimony from [an expert witness], that seemed to be favorable to the Defendant, until the Prosecution, through Cross-Examination, provided a bas[i]s for the court to reject the plea agreement." On March 7, the district court summarily denied the motion because Antrim had failed to bring his motion within 1 year of the date his appeal was final as required by statute and because he had not shown that his failure to file the motion on time was the result of excusable neglect. Under K.S.A. 2015 Supp. 22-3210(e)(2), the 1-year time limit may be extended if the defendant shows excusable neglect.

In response, Antrim filed a motion to reconsider, asserting excusable neglect. He claimed that: (1) he was not an expert in the law and did not understand court procedures;

3

and (2) he suffers from mental illnesses, "at times lacks in competence," and is sometimes "impaired" in his "power to grasp certain situations." The district court denied the motion, though it did not explain why. Instead, after setting out the timing of the motions and Antrim's claim that his lack of legal knowledge and mental illness showed excusable neglect so as to allow consideration of his motion, the court simply responded, "This Court disagrees."

Antrim then appealed to our court.

ANALYSIS

On appeal, Antrim argues that the district court erred by denying his motion without first holding an evidentiary hearing. According to Antrim, his motion to reconsider alleged facts that could constitute "excusable neglect," which would allow the court to consider his untimely motion. The State contends that the facts Antrim alleged, even if true, were not sufficient to show excusable neglect, so the court didn't need to hold a hearing.

Generally, an appellate court reviews the denial of a motion to withdraw a plea for abuse of discretion. *State v. Moses*, 296 Kan. 1126, 1127, 297 P.3d 1174 (2013). But when the district court summarily denies a motion to withdraw plea without conducting an evidentiary hearing, we are in as good a position to review the matter as the trial court, so we independently apply the same standard the trial court does: we must determine whether the motion and case records conclusively establish that the defendant is not entitled to relief. Unless they do, the defendant is entitled to an evidentiary hearing. *Williams*, 303 Kan. at 607.

4

In this case, we must determine whether the motion and case records conclusively establish that Antrim has *not* shown excusable neglect. If we cannot make that finding, then Antrim is entitled to an evidentiary hearing on the issue.

As to the mental-illness basis for relief, Antrim's motion cited mental illness and diminished mental capabilities that he said affected his ability "to grasp certain situations" and hindered his ability to meet a 1-year deadline. He also said that while he sought help from other inmates, he did so only "within his mental health unit" where only "one inmate . . . had some limited knowledge of Law."

In addition to Antrim's motion, the court record includes testimony presented at his sentencing by a clinical psychologist, Dr. Gerard Steffan. Dr. Steffan diagnosed Antrim with posttraumatic stress disorder, major depressive disorder, and a personality disorder having characteristics of both borderline personality and schizotypical personality. And Antrim's motion said that he was on several medications while in the prison's mental-health unit.

Given these allegations, we cannot summarily dismiss Antrim's claim of excusable neglect. As we noted in *State v. Woods*, No. 105,728, 2012 WL 2045353 (Kan. App. 2012) (unpublished opinion), the effects of mental illness can provide the basis for an excusable-neglect claim.

In *Woods*, the defendant—who had a well-documented history of schizophrenia and religious delusions—had filed a timely motion but said he withdrew it because a voice in his head had told him to do so. We held that Woods' claim that his mental illness had led him to withdraw his timely motion could not be summariy denied without an evidentiary hearing. 2012 WL 2045353, at *3-4.

5

Antrim, like Woods, has well-documented mental-health issues. The major difference between the two cases is that Antrim claims that his mental-health problems prevented him from filing a timely motion, while Woods claimed that his mental-health problems led him to take an unwise action, *i.e.*, withdrawing his timely motion. In both cases, the allegations, *if true*, could form the basis for an excusable-neglect finding so as to allow an untimely motion to be heard on its merits. So the district court in Antrim's case will need to hold an evidentiary hearing, determine the facts based on the evidence presented, and then decide whether Antrim has shown excusable neglect.

Antrim did raise a second basis for his excusable-neglect claim—that he has no legal training and wasn't aware of the 1-year deadline. While the term excusable neglect in K.S.A. 2015 Supp. 22-3210(e) has not been statutorily defined, our Supreme Court concluded in *State v. Davisson* that mere ignorance of the law could *not* constitute excusable neglect. 303 Kan. at 1068-69. Thus, Antrim's separate claim that he didn't know about the 1-year deadline is insufficient to show excusable neglect.

For the benefit of the district court and the parties on remand, we would note that K.S.A. 2015 Supp. 22-3210(e) is not the only Kansas statute providing that excusable neglect may be a basis for excusing the failure to meet some time deadline. Similar provisions are found in civil-procedure statutes, specifically K.S.A. 2015 Supp. 60-206(b)(1)(B) (allowing extensions of time after timit limit has expired based on excusable neglect); K.S.A. 2015 Supp. 60-260(b)(1) (allowing relief from a final judgment based on excusable neglect); and K.S.A. 2015 Supp. 60-2103(a) (allowing an extension of up to 30 days to file an appeal when party failed to learn of judgment due to excusable neglect). The *Davisson* court noted that several civil-procedure statutes provide relief for excusable neglect and relied in part on a case interpreting K.S.A. 2015 Supp. 60-260(b) that held that "excusable neglect 'implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.'" 303 Kan. at 1069 (quoting *Montez v. Tankawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d

351 [1974]); see also *State v. Reed*, No. 111,663, 2015 WL 4716290, at *3-4 (Kan. App. 2015) (unpublished opinion) (discussing meaning of excusable neglect for filing motion to withdraw plea, citing Black's Law Dictionary and caselaw arising under civil statutes), *rev. denied* 304 Kan. ___ (March 28, 2016).

The only question the parties have briefed on appeal is whether the district court erred in refusing to hold an evidentiary hearing on the issue of excusable neglect. Accordingly, we have limited our review to that question. On remand in the district court, if the court concludes after an evidentiary hearing that the defendant has shown excusable neglect, the court will then have to determine whether the motion to withdraw plea should itself be granted. See *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014) (reciting standards for determining whether to grant motion to set aside plea). Because an evidentiary hearing is required, the district court should appoint counsel to represent Antrim before that hearing. See *Williams*, 303 Kan. at 607 (applying procedures under K.S.A. 60-1507 to motions to withdraw plea under K.S.A. 2014 Supp. 22-3210); *Fischer v. State*, 296 Kan. 808, 820-21, 295 P.3d 560 (2013) (requiring appointment of counsel in habeas proceeding under K.S.A. 60-1507 when evidentiary hearing is required).

The district court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.