NOT DESIGNATED FOR PUBLICATION

No. 116,402

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD E. EASTMAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed October 27, 2017. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.


PER CURIAM: While an appeal of his probation revocation was pending, Richard E. Eastman filed three pro se motions: a motion to withdraw plea, a notice of an out-of-time appeal, and a motion for appointment of counsel. The Court of Appeals remanded his case to rule on these motions. After a hearing, the district court determined that Eastman's motion to withdraw plea was untimely. It also interpreted Eastman's notice of an out-of-time appeal as a motion to withdraw plea and similarly found it was untimely. Eastman appeals, arguing (1) the district court erred in summarily denying his motion to withdraw plea and (2) the district court erred failing to hold a hearing or make findings regarding his request to make an out-of-time appeal. Finding no error, we affirm.

1

FACTS

On November 14, 2011, the State charged Eastman with one count of aggravated indecent liberties with a child, an off-grid person felony, and one count of aggravated criminal sodomy, an off-grid person felony. On August 15, 2012, Eastman pled no contest to an amended count of aggravated indecent solicitation of a child, a severity level 5 person felony. Just over a month later, Eastman filed a motion to withdraw plea (the first motion). In support of the motion, Eastman claimed he was under emotional stress at the time he entered the plea and did so only because he wanted to get out of jail to see his terminally ill mother. He also claimed he was on prescription medication at the time he entered the plea. Before sentencing, however, Eastman ultimately withdrew his motion to withdraw plea.

On December 21, 2012, the district court held a sentencing hearing. The court granted a downward dispositional departure, imposing an underlying prison sentence of 55 months with 36 months' probation. Due to multiple probation violations, the district court later revoked and reinstated Eastman's probation, extending his term of probation by 36 months.

On December 5, 2013, a second probation violation warrant was issued for Eastman's arrest based upon an affidavit from his intensive supervision officer alleging that he had once again violated the terms of his probation. On January 9, 2014, before his probation revocation hearing, Eastman filed three pro se motions. One motion, entitled "Petition for Writ of Habeas Corpus," sought "relief from manifest injustice, ineffective assistance of counsel, and the systemic deprivation of the right to due process and equal protection." Eastman did not provide any specific allegations supporting his request for relief.

In Eastman's second motion, titled "Notice of Out of Time Appeal," he alleged that his trial counsel and the prosecutor had coerced him into a plea agreement. He also

claimed that, at the time of the agreement, he was under duress because his mother was ill. Finally, Eastman claimed he was mentally handicapped so he was not capable of understanding the gravity of the offense to which he pled no contest (in substance, this was a second motion to withdraw plea).

In the third motion, titled "Motion for Appointment of Counsel," Eastman requested the appointment of counsel to help him prepare his appeal. He again alleged his trial counsel had acted in bad faith by advising him to accept the plea agreement even though the victim had said Eastman was not the perpetrator. In support of his request for appointment of counsel, Eastman noted: (1) he was indigent and under K.S.A. 22-4506(c) the district court must appoint appellate counsel for indigent defendants; (2) the matters in his case were complex; and (3) he had substantial rights at stake. He also added that his attorney had failed to file an appeal and he was raising a claim of ineffective assistance due to inadvertence and oversight, which entitled him to an out-of-time appeal under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

The district court held a probation revocation hearing on June 23, 2014. At the hearing, Eastman withdrew all three of his motions. He also admitted to the alleged probation violations, and the court revoked his probation and ordered him to serve a reduced sentence of 45 months' imprisonment.

On June 30, 2014, Eastman appealed his probation revocation. Several weeks later, he again filed three pro se motions: a motion for appointment of counsel, a notice of out-of-time appeal, and a motion to withdraw plea (the third plea withdrawal motion). His motion for appointment of counsel and notice of out-of-time appeal were almost identical to the ones he filed on January 9, 2014. In his motion to withdraw plea, Eastman alleged he received ineffective assistance of counsel, but he did not provide any factual basis for his claim.

On June 9, 2015, the Court of Appeals issued an order in Eastman's appeal of his probation revocation, noting the district court had not ruled on his motion to withdraw plea. The court also noted that the district court had not made findings as to whether Eastman was entitled to an out-of-time appeal from his conviction and sentence. The court remanded the matter so the district court could rule on the motion to withdraw plea and any other pending issues.

The district court held a remand hearing in early 2016 at which Eastman was present with counsel. The court originally stated it only planned to address the motion to withdraw plea, and the original sentencing judge would rule on the notice of an out-of-time appeal. Eastman's counsel told the court that Eastman had intended to withdraw his plea presentencing, but his counsel at that time had withdrawn that motion without Eastman's understanding. Similarly, he stated that Eastman's second motion to withdraw plea (which was actually cloaked in the language of an out-of-time appeal), and which was set for hearing at the probation violation hearing, had been withdrawn without Eastman's understanding. He also argued that Eastman agreed to plead no contest so he would be able to see his mother before she died, and his counsel had told him "the situation could be fixed." Eastman was also claiming he was coerced because he had only a limited understanding of the proceedings due to his intellectual disability.

In response, the State argued that Eastman's notice of an out-of-time appeal was essentially a motion to withdraw plea. The State pointed out the notice did not address any *Ortiz* factors, and the contents focused on ineffective assistance of plea counsel. The State requested that the court rule on the notice of out-of-time appeal as another motion to withdraw plea. Alternatively, the State asked the court to find the notice had failed to raise any allegations that would allow an out-of-time appeal under *Ortiz*. The State also stated its notes indicated Eastman had been present in court when his second motion to withdraw plea was withdrawn. Finally, the State argued Eastman's most recent motion to withdraw plea was untimely and Eastman had failed to show excusable neglect. After the

4

State's argument, Eastman conceded that the only relief he was seeking was withdrawal of his plea.

The district court held that Eastman's postsentence motion to withdraw plea was time barred, and he had failed to demonstrate excusable neglect. The court also found Eastman's allegations did not rise to manifest injustice. The court further ruled that Eastman's out-of-time appeal was essentially a motion to withdraw plea and was also time barred. The court added Eastman had not presented any *Ortiz* factors, and there was no basis for a direct appeal in his case. The court later filed a written journal entry denying the motions. Eastman appeals from these decisions.

ANALYSIS

On appeal, Eastman first argues the district court erred in summarily denying his postsentence motion to withdraw plea. He asserts that he alleged facts that would necessitate an evidentiary hearing. The State counters that Eastman's motion was untimely and he did not show excusable neglect.

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2016 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016).

A postsentence motion to withdraw a plea must be filed within one year of either: "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2016 Supp. 22-3210(e)(1); see *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013). This one-

5

year time limitation may be extended only if the defendant makes an additional, affirmative showing of excusable neglect. K.S.A. 2016 Supp. 22-3210(e)(2). Where a defendant makes no attempt at an affirmative showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).

Here, Eastman was sentenced on December 21, 2012. He had 14 days after that to file a direct appeal, which he did not do. He then had one year to file a timely postsentence motion to withdraw his plea. To be timely, Eastman needed to file his motion to withdraw plea by January 6, 2014. (January 4, 2014, fell on a Saturday, so the time limit extended until the next Monday. See K.S.A. 2016 Supp. 60-206.) Eastman did not file his motion until August 20, 2014, eight months after the one-year deadline had passed. His motion was untimely, and he concedes as much.

Not only was Eastman's motion untimely, he has not asserted excusable neglect. In his motion, Eastman did not present any reason why he did not file his motion within the one-year time limit. At the remand hearing, he only argued that he did not know the district court had not addressed the arguments presented in the motions he filed on January 9, 2014. As the State points out, however, Eastman was present at the hearing at which those motions were withdrawn, and he agreed when the court asked if he wanted the motions withdrawn.

On appeal, Eastman again fails to argue excusable neglect. He only asserts that his allegation that plea counsel advised him to withdraw his presentence motion to withdraw his plea raises a substantial issue of fact or law that requires an evidentiary hearing. He does not provide a reason why he waited to file his first postsentence motion to withdraw his plea until three days after the one-year limit, withdrew it, and then waited another eight months to refile. Thus, he has abandoned any argument regarding excusable neglect. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (issue not

6

briefed by appellant is deemed waived or abandoned). As such, the district court did not err in finding his motion to withdraw plea untimely. Eastman has provided no reason to find otherwise.

The district court alternatively found Eastman had failed to demonstrate the manifest injustice necessary to withdraw his plea postsentencing. On appeal, Eastman only argues he has demonstrated manifest injustice by alleging his counsel withdrew his presentencing motion to withdraw plea without his consent or knowledge. Therefore, he has abandoned his other arguments supporting his request to withdraw his plea. Nevertheless, the claim he raises on appeal does not meet the standard of manifest injustice to withdraw a plea.

"A defendant filing a postsentence motion to withdraw plea under K.S.A. 22-3210(d) that alleges ineffective assistance of counsel due to deficient performance must meet constitutional standards to demonstrate manifest injustice." *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011). To demonstrate manifest injustice that would warrant setting aside a plea based on ineffective assistance of counsel, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *State v. Kelly*, 298 Kan. 965, 969-70, 318 P.3d 987 (2014).

Here, Eastman's allegations stem from actions his counsel took after he had already pled no contest. Eastman cannot demonstrate that he would not have pled no contest and would have insisted on going to trial if not for his counsel's actions. Thus, not only is his motion to withdraw untimely, he has not demonstrated manifest justice under K.S.A. 2016 Supp. 22-3210(d).

7

As his second issue on appeal, Eastman argues the district court erred in interpreting all of his pro se motions as a motion to withdraw plea. He contends the court should have construed his motion for appointment of counsel as a motion to appeal out of time because he cited to *Ortiz* and claimed his attorney had failed to file an appeal. According to Eastman, his case must be remanded again for another hearing. The State asserts Eastman essentially withdrew any request for an out-of-time appeal at the remand hearing.

"Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). "Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

Eastman's argument that the district court should have construed his motion for appointment of counsel as raising a request to appeal out of time does have some merit. In his motion, Eastman stated his counsel had failed to file an appeal and this qualified as an *Ortiz* exception. Under *Ortiz*, appeals taken after the 14-day time limit are allowed "if a defendant (1) had not been informed of his or her right to appeal, (2) had not been furnished an attorney to perfect an appeal, or (3) had been furnished an attorney who failed to perfect an appeal." *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008). Nonetheless, this does not resolve the issue because Eastman does not take into account what happened at the remand hearing.

At the beginning of the hearing, the district court stated the parties were only there to argue the motion to withdraw plea, and the original sentencing judge would preside over the hearing on the motion to appeal out of time. During the hearing, however, the State argued that Eastman had failed to allege any *Ortiz* factors in his notice of out-of-time appeal. Later, the following colloquy occurred:

"[COUNSEL]: . . . [M]y main argument and Mr. Eastman's main concern is being able to withdraw his plea.

. . . .

". . . [H]is motion for appeal out of time, again, what he's asking for is to withdraw his plea.

. . . .

"THE COURT: Okay. Okay. So he's asking for the same relief in two different documents; is that correct?

"[COUNSEL]: That's what it appears to me, yes, your Honor.

"THE COURT: That's what it does appear to me, too, but I just want to make sure we're all on the same page.

"[COUNSEL]: Okay.

"THE COURT: So, really, this is all just about withdrawing his plea.

"[COUNSEL]: That's what it comes down to, yes, your Honor.

"THE COURT: Okay. And I see Mr. Eastman's head going up and down in an affirmative indication, too."

In ruling on the motions, the court held the motion to withdraw plea was time barred. The court also held it was construing the motion to appeal out of time as a motion to withdraw plea, which was similarly time barred. The court added that Eastman had not presented any *Ortiz* factors, there was no basis for a direct appeal, and Eastman had not pled excusable neglect.

Eastman correctly notes that the parties at the hearing did not appear to directly address his motion for appointment of counsel. Nevertheless, Eastman and his counsel informed the court that the only relief he was seeking was to withdraw his plea, not an out-of-time direct appeal. Eastman did not present any argument about the *Ortiz* exceptions to allow an out-of-time appeal, even after the State raised the issue. Moreover, he did not object when the court found that no *Ortiz* factors had been presented. Eastman essentially withdrew his request for an out-of-time appeal at the hearing.

In making his argument, Eastman relies on *State v. Carroll*, No. 110,625, 2014 WL 6676115 (Kan. App. 2014) (unpublished opinion). In that case, Carroll filed a pro se motion seeking to appeal his sentence, alleging counsel had failed to file a timely appeal. The district court treated the motion as a motion to withdraw plea and ordered Carroll and the State to brief the issue of whether Carroll could withdraw his plea. The court denied Carroll's motion for an out-of-time appeal because his presumptive sentence was not appealable. It also summarily denied Carroll's motion to withdraw plea without an evidentiary hearing.

On appeal, the Court of Appeals held the district court erred in reassigning Carroll's motion as a motion to withdraw plea. According to the *Carroll* court, this erroneous treatment of Carroll's motion caused the district court to focus on whether Carroll's appeal would have been successful. The proper inquiry, though, was whether Carroll's attorney had failed to perfect his appeal under *Ortiz*. The *Carroll* court remanded the case for an evidentiary hearing to determine whether Carroll fit into one of the *Ortiz* exceptions. *Carroll*, 2014 WL 6676115, at *2.

Eastman's reliance on *Carroll* is misplaced. In *Carroll*, the district court treated the defendant's pro se motion for an out-of-time appeal as a motion to withdraw plea and denied the motion without a hearing. The facts of that case do not indicate the defendant did anything to suggest he did not want to continue to pursue his motion for an out-of-time appeal. Here, Eastman told the court he was simply seeking to withdraw his plea and did not object when the district court made findings in accordance with this stated intent. Thus, the district court did not err in failing to rule on the claim in his motion for appointment of counsel separately from his notice of out-of-time appeal.

Affirmed.