IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,417

STATE OF KANSAS,
*Appellee*,

v.

TARLENE A. WILLIAMS,
*Appellant.*

SYLLABUS BY THE COURT

Under K.S.A. 2014 Supp. 22-3210(e)(1), a motion to withdraw a plea must be brought within 1 year of:  (a) the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (b) the denial of a petition for a writ of certiorari to the United States Supreme Court or issuance of such Court's final order following the grant of such petition. But these time limitations can be extended upon an additional, affirmative showing of excusable neglect by the defendant under K.S.A. 2014 Supp. 22-3210(e)(2).

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed January 8, 2016. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Casey L. Meyer*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

BILES, J.: Tarlene A. Williams has previously filed unsuccessful motions to withdraw her 2008 no contest plea to a first-degree murder charge. In this instance, she argues the district court erred in holding her latest motion failed to demonstrate excusable neglect as required by K.S.A. 2014 Supp. 22-3210(e)(2). She concedes this motion is successive to others she has filed and lost. We affirm because the district court correctly held there was no showing of excusable neglect and because the motion is successive.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2008, Williams pleaded no contest to first-degree murder in exchange for the dismissal of one count of attempted murder and one count of aggravated arson. She filed a motion to withdraw her plea before sentencing alleging the plea agreement was not in her best interest. That motion was denied, and Williams appealed. This court held Williams did not show good cause for granting her presentence motion. *State v. Williams*, 290 Kan. 1050, 1056, 236 P.3d 512 (2010).

Williams subsequently filed four K.S.A. 60-1507 motions collaterally attacking her conviction. In denying the motion now on appeal, the district court summarized the previous motions as follows:

"5. The Defendant filed her first motion pursuant to K.S.A. 60-1507 in 10CV2131. The motion alleges, in part, that trial counsel was not effective. The motion was denied on January 27, 2011.

"6. Defendant filed her second motion pursuant to K.S.A. 60-1507 in 11CV2016. This motion alleges, in part, that she was under the influence of alcohol and drugs at the time

2

of the offense, that she did not understand what had occurred during the plea hearing and that counsel was ineffective. This motion was denied on March 12, 2012.

"7. Defendant filed her third motion pursuant to K.S.A. 60-1507 in 12CV1032. This motion appears to allege ineffective assistance of either trial or appellate counsel. This motion was denied on September 6, 2012.

"8. Defendant filed her fourth motion pursuant to K.S.A. 60-1507 in 13CV746. The motion alleges that she was not competent at the time of the guilty plea, did not have any idea what she was saying at that hearing and that trial counsel was ineffective. That motion was denied on June 26, 2013."

Williams subsequently filed two postsentence motions to withdraw her plea. The first was in 2013. The district court summarily denied that motion, stating:

"The Defendant now alleges that she was illiterate and did not know how to read or write, that she was found incompetent to stand trial, that she did not understand the potential sentence as written in the plea petition, that she was under the care of a jail psychiatrist, that she was physically and emotionally abused by the victims in the case, that she was under the influence of drugs and alcohol at the time of the crime and her confession to the police should not have been allowed to be admitted into evidence and that she attempted to fire trial counsel. *The points made and argued in this motion have previously been ruled upon adversely to this Defendant either in the direct appeal to the Kansas Supreme Court or during the four motions pursuant to K.S.A. 60-1507.*" (Emphasis added.)

Relevant to this appeal, the district court also held her motion to withdraw was untimely because it was filed more than a year after her direct appeal became final, and she had failed to show excusable neglect. See K.S.A. 2014 Supp. 22-3210(e)(1). Williams did not appeal from that ruling but instead filed a second motion to withdraw her plea about a month later.

That motion, which is presently before us, is identical to the immediately preceding motion that the district court had just denied. Highly summarized, Williams again challenged trial counsel's representation, her literacy, and her competency. In a more abbreviated order, the district court summarily denied the motion. It again held that the issues were raised in prior motions and denied this motion pursuant to the previous decisions.

Williams appealed. This court's jurisdiction arises under K.S.A. 22-3601(b)(1) (maximum sentence of life imprisonment imposed).

## THE DISTRICT COURT PROPERLY DENIED THIS MOTION

*Standard of Review*

On appeal, Williams maintains she should be permitted to withdraw her plea, although she concedes this motion is successive. Our standard of review is well known and recently stated:

> "An appellate court generally reviews the denial of a motion to withdraw a plea for abuse of discretion. The defendant has the burden of proving abuse of discretion. [Citation omitted.] When a motion to withdraw a plea is summarily denied without argument and additional evidence, this court applies the same procedures and standards of review as in cases arising out of K.S.A. 60-1507. This court exercises de novo review because it has the same access to the motion, records, and files as the district court, and it determines whether the motion, records, and files conclusively show that the defendant is entitled to no relief. [Citation omitted.]" *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

4

*Discussion*

To be timely, a motion to withdraw a plea must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2014 Supp. 22-3210(e)(1). This 1-year time limit became effective April 16, 2009. For claims such as Williams', which preexisted that date, the time limit expired on April 16, 2010. *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). The instant motion was filed well after the applicable 1-year limit, although that time bar could have been extended "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2014 Supp. 22-3210(e)(1).

But Williams did not attempt to make that showing. Her motion presents no reasons to excuse the delay, and the district court did not explicitly address excusable neglect in its order on the motion currently on appeal. The court, however, held Williams had not made the required excusable neglect showing in its order denying Williams' first motion and that holding was incorporated by reference into the second order.

Williams does not explain why the district court erred regarding her failure to demonstrate excusable neglect. Instead, her brief states only that she should be allowed to withdraw her plea "for those reasons set forth in her motion of August 20, 2013." But that motion is silent as to excusable neglect. In addition, Williams concedes the present motion is successive and that the district court's ruling on the previous motion denied her presently requested relief. Accordingly, that ruling is res judicata. See *State v. Kelly*, 291 Kan. 868, 874, 248 P.3d 1282 (2011) (doctrine of res judicata precludes relitigation of successive plea withdrawal issue).

Williams' appeal is without merit.

5