NOT DESIGNATED FOR PUBLICATION

No. 116,644

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATASHA G. HODGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed June 23, 2017. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: Defendants who want to withdraw their pleas must file a motion within 1 year of the end of appellate jurisdiction over their case. Natasha G. Hodge claims that she did not know of this time limit and the district court erred when it summarily denied her motion. Because our Supreme Court has expressly ruled that ignorance of the law is insufficient to show excusable neglect that justifies the late filing of a motion to withdraw a plea, we hold Hodge has failed to show us any reversible error by the district court. We affirm.

1

When Hodge agreed with the State to enter a guilty plea to an amended charge, she signed a petition seeking the district court's acceptance of her guilty pleas to amended charges of involuntary manslaughter and aggravated assault. In this petition, Hodge asserted that she understood the charges against her, the maximum punishment for the charges, and her constitutional rights concerning a not guilty plea. Additionally, she stated that her mind was clear, she was not under the influence of drugs or alcohol, she was not under the care of a doctor, and she had never been voluntarily or involuntarily committed for mental illness.

Later, at a plea hearing the judge asked her all of the statutorily required questions. Hodge stated she was taking Zoloft to treat post-traumatic stress disorder, but the medicine did not affect her ability to understand the proceedings. When the district court asked if Hodge's attorney had adequately counseled and assisted her, she responded, "I am very satisfied with my attorney." The State proffered the evidence it would put on at trial, and Hodge's attorney discussed his counseling of Hodge concerning a theory of self-defense. Hodge acknowledged that her attorney's statements reflected what he had told her. Hodge then pled guilty to involuntary manslaughter and aggravated assault.

The court sentenced Hodge on October 8, 2010. Over 2 years later, on April 29, 2013, Hodge filed her posttrial motion to withdraw her guilty plea. She gave many reasons for her request:

- At the time of the plea her judgment was impaired due to psychological conditions and medications for those conditions;
- she was traumatized by the shooting and did not talk to anyone concerning the shooting for 11 months;
- her trial attorney strongly advised her to accept the plea to avoid a trial and extended prison sentence;

2

- before sentencing, a psychologist diagnosed her with multiple mental and personality disorders;

- her trial attorney "was less than effective" in her defense and did not inform her of the ability to withdraw a plea within a year; the failure of being advised of the statute of limitations was the reason for Hodge's delay in filing the motion to withdraw the plea; and

- her trial attorney "failed to maximize the many conflicting and self-serving statements given by various witnesses." Hodge raised various allegations concerning the evidence not raised.

The district court summarily dismissed her motion in July 2013. The court found Hodge was out of time to file a direct appeal, and no *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), factors would permit an out-of-time appeal. Additionally, based upon the record and pleadings, there was no issue of manifest injustice in her case.

On appeal, Hodge argues that her pro se motion is a motion under K.S.A. 60-1507 and she made an adequate showing of manifest injustice to overcome the 1-year statute of limitations. To the contrary, the State argues the motion is a motion to withdraw a plea and Hodge was required to show excusable neglect in order to overcome the 1-year statute of limitations for a motion to withdraw a plea. Both parties agree that Hodge's pro se motion was filed out of time.

How we construe Hodge's motion makes a difference. Even though similar procedures apply to both motions to withdraw a plea and motions filed under K.S.A. 60-1507, according to *State v. Williams*, 303 Kan. 605, 607, 366 P.3d 1101 (2016), we apply different standards to the two. K.S.A. 60-1507(f)(2) provides that a court may extend the 1-year statute of limitations in order to prevent manifest injustice. On the other hand, K.S.A. 2016 Supp. 22-3210(e)(2) allows a court to extend the statute of limitation "upon

3

an additional, affirmative showing of excusable neglect by the defendant." In other words, we are looking for different things in the two motions.

We must judge Hodge's motion by the words she uses. When we do so, we conclude that we should treat her motion as a motion to withdraw her plea. The document is entitled, "Motion to Withdraw Guilty Plea post sentence." More importantly, the content of the motion shows that it is a motion to withdraw a plea. In the motion, Hodge provides reasons why she would suffer manifest injustice if the plea is not allowed to be withdrawn. In order for a plea to be withdrawn after sentencing occurs, a litigant must show manifest injustice in order to have the court set aside a conviction. K.S.A. 2016 Supp. 22-3210(d)(2). The content of the pro se motion is an argument that conforms to the statute to withdraw a plea.

Additionally, one paragraph of Hodge's motion addresses the reason her motion was untimely filed—her attorney did not tell her of the 1-year time limit. Basically, she argues this is excusable neglect. In order for the court to grant an untimely motion to withdraw a plea, the movant must make an affirmative showing of excusable neglect. K.S.A. 2016 Supp. 22-3210(e)(2).

Finally, Hodge's prayer in the motion was for the district court to allow her to withdraw her guilty plea. In order to construe the pleading to give effect to the content of the pleading, the pro se motion should be construed as a motion to withdraw a plea. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

This means that for us, the question becomes whether the motion, files, and record conclusively show that Hodge is not entitled to relief. We review this question de novo. *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014).

4

The court sentenced Hodge on October 8, 2010. Hodge did not file her motion until April 29, 2013. Nothing in the record shows that Hodge sought a direct appeal of her conviction. Thus, Hodge had 1 year from sentencing to file her motion to withdraw her plea. See K.S.A. 2016 Supp. 22-3210(e)(1). The motion was filed well outside of this 1-year limit. Hodge concedes the motion was filed outside of the 1-year statute of limitations in her brief to this court.

Courts may permit an untimely motion to withdraw a plea if the movant shows excusable neglect. K.S.A. 2016 Supp. 22-3210(e)(2). Excusable neglect requires "something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974). In her motion, Hodge essentially argues excusable neglect is present because she did not know of the 1-year statute of limitations and her attorney did not inform her of the requirement.

The Kansas Supreme Court has addressed a similar argument in *State v. Davisson*, 303 Kan. 1062, 1067-70, 370 P.3d 423 (2011). In *Davisson*, a prisoner argued excusable neglect for a motion to withdraw a plea based upon ignorance of the ability to bring the action. The Supreme Court rejected this argument and held that ignorance of the statute of limitations or the ability to withdraw a plea is not sufficient to establish excusable neglect to overcome the statute of limitations. 303 Kan. at 1069-70.

Based upon the holding in *Davisson*, Hodge's argument that she was unaware of the 1-year statute of limitations and that her trial attorney did not inform her of the ability to withdraw the plea is not sufficient to show excusable neglect. See 303 Kan. at 1069-70.

Hodge is not entitled to relief. The district court did not err in summarily denying her motion.

5

Affirmed.