NOT DESIGNATED FOR PUBLICATION

No. 118,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OSCAR CORTEZ-DORADO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed December 14, 2018. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Clara E. Melero*, legal intern, *Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., STANDRIDGE, J., and WALKER, S.J.


SCHROEDER, J.:  Oscar Cortez-Dorado appeals the summary denial of his motion to withdraw his plea. We find Cortez-Dorado's motion failed to provide any facts to support his motion and, as submitted, his motion contained only conclusory statements. With no facts to support the motion, the district court was correct to summarily deny the motion. We affirm.


Pursuant to a plea agreement, Cortez-Dorado pled guilty to rape of a child under the age of 14 and aggravated indecent liberties with a child. At sentencing, Cortez-Dorado requested a continuance because he intended to retain a new lawyer to pursue a

1

motion to withdraw his plea. The district court continued sentencing to give Cortez-Dorado time to retain a new lawyer. Cortez-Dorado ultimately retained new counsel and the district court continued sentencing again.

At the sentencing hearing with his new counsel on January 13, 2015, Cortez-Dorado announced to the court he did not want to withdraw his plea and he was ready for sentencing. The district court followed the plea agreement and sentenced Cortez-Dorado to 155 months' incarceration for rape of a child under the age of 14 and 59 months' incarceration for aggravated indecent liberties with a child. The district court ran the sentences consecutively. Cortez-Dorado did not appeal.

On April 3, 2017, Cortez-Dorado moved to withdraw his plea. He asserted he was innocent and was wrongly convicted of a crime that never occurred. Cortez-Dorado contended he gave a false confession and asked to withdraw his plea. Cortez-Dorado also asserted excusable neglect excused his untimely motion to withdraw his plea. He alleged he had requested his case file from his attorney and from the district court and neither responded to his request. He also contended he spoke very little English and, since the Ellsworth Correctional Facility's law library has no materials in his native Spanish, the State "hindered him from exercising his constitutional right of access to the Court with the ability to file meaningful legal papers."

The district court summarily denied Cortez-Dorado's motion to withdraw his plea. It noted Cortez-Dorado had admitted to both police and the district court that the acts occurred and that he offered no facts to contradict these statements.

The district court found Cortez-Dorado was procedurally barred from his motion to withdraw his plea because he failed to show excusable neglect. It also found there was no manifest injustice because Cortez-Dorado did not make a colorable claim of actual innocence and his plea did not shock the conscience.

Cortez-Dorado argues the district court erred when the district court summarily denied his postsentence motion to withdraw his plea because the record did not conclusively show he was not entitled to relief.

ARGUMENT

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2017 Supp. 22-3210(d)(2). A postsentence motion to withdraw a plea must be filed within one year of either: "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2017 Supp. 22-3210(e)(1). This one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2017 Supp. 22-3210(e)(2). When a defendant makes no attempt at an affirmative showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).

Summary disposition of a motion to withdraw a plea is appropriate if there are no substantial questions of law or triable issues of fact and the motion, records, and files conclusively show the defendant is not entitled to relief. *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). The movant has the burden to allege adequate facts to warrant a hearing. As the *Kelly* court stated, "'[M]ere conclusions . . . are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.'" 298 Kan. at 969. When a district court summarily denies a postsentence motion to withdraw a plea without argument or additional evidence, appellate review is de novo. This is because the appellate court has the same access to the motions, records, and files as the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

3

Other panels of this court have held manifest injustice is a condition precedent, which must be satisfied before a defendant may argue excusable neglect applies to make an otherwise untimely filing timely. See *State v. Allen*, No. 107,708, 2013 WL 2991139, at *5 (Kan. App. 2013) (unpublished opinion); *State v. Adkins*, No. 106,289, 2012 WL 3171836, at *3 (Kan. App. 2012) (unpublished opinion). Here, the district court found Cortez-Dorado did not present a colorable claim of innocence or a plea that shocks the conscience. It also found Cortez-Dorado was procedurally barred from this claim because he failed to establish excusable neglect. Since we agree manifest injustice is a condition precedent, we address it first.

*No manifest injustice*

Cortez-Dorado contends the record did not conclusively show he was not entitled to relief. He contends the allegation he was innocent was enough to require an evidentiary hearing. To establish manifest injustice, a defendant must show it would be "obviously unfair or shocking to the conscience" if he or she is not allowed to withdraw the plea. *State v. Barahona*, 35 Kan. App. 3d 605, 608-09, 132 P.3d 959 (2006).

In his motion, Cortez-Dorado asserted he "is an innocent man, wrongfully convicted of a crime that never occurred." He suggested he gave a false confession and admitted guilt for "a crime that never happened." Similarly, in his affidavit, Cortez-Dorado stated, "I am an innocent man of the crime I pled to." However, Cortez-Dorado neither provides a basis for his claims nor explains why he confessed to a crime that allegedly never occurred. Without a basis supporting his claims, Cortez-Dorado failed to meet his burden of alleging any facts to warrant a hearing and only provided conclusory statements to support his motion.

On appeal, Cortez-Dorado complains the district court weighed his credibility against the allegations of the victims and found his claims wanting. He contends the

district court's credibility determination was improper given the procedural posture of the case. This is a flawed reading of the district court's order. Instead, the district court noted the victim's statements, Cortez-Dorado's confession, and Facebook communications between Cortez-Dorado and the victim tended to show the crimes occurred. The district court noted Cortez-Dorado "*proffer*[*ed*] *no facts* in contradiction of these events." (Emphasis added.) Although the district court's order could have been clearer, the district court essentially found Cortez-Dorado failed to provide a factual basis for his claims. It did not improperly weigh Cortez-Dorado's credibility against the victim's credibility.

The district court did not err when it summarily denied Cortez-Dorado's motion to withdraw his plea. Cortez-Dorado has failed to show it would be "obviously unfair or shocking to the conscience" if he is not allowed to withdraw the plea because he neglected to provide a factual basis for his allegations. Since Cortez-Dorado failed to show manifest injustice, we deem it unnecessary to address whether the district court correctly found his motion was procedurally barred.

Affirmed.

* * *

STANDRIDGE, J., concurring:  I agree with the result the majority reaches in this case, but not with its legal holding that manifest injustice is a condition precedent that must be satisfied before a defendant may argue excusable neglect to toll the one-year deadline in which to file a motion to withdraw a plea.

A motion to withdraw a guilty plea filed after sentencing is subject to a manifest injustice standard. K.S.A. 2017 Supp. 22-3210(d)(2). When the defendant files such a motion, the substantive issue for decision by the court is whether the defendant has

5

shown that permitting him or her to withdraw a guilty plea after sentencing is necessary to correct a manifest injustice.

In 2009, our Legislature imposed a one-year procedural deadline before which defendants must file any substantive motion to withdraw a guilty plea after sentencing. L. 2009, ch. 61, § 1. Specifically, K.S.A. 2017 Supp. 22-3210(e)(1) provides that any action under subsection (d)(2) to withdraw a plea after sentencing must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction" or "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." Pursuant to subsection (e)(2), however, this procedural time limit may be extended by the court only if the defendant makes an affirmative showing of excusable neglect. If the defendant fails to make the necessary showing of excusable neglect, the motion is rendered untimely and will be procedurally barred without consideration of any alleged substantive merit. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).

While there is no statutory definition of "excusable neglect" set forth in K.S.A. 2017 Supp. 22-3210, our Supreme Court relied in part on a case interpreting K.S.A. 60-260(b) to hold that "excusable neglect 'implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.'" *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016) (quoting *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 [1974]). And this court previously has discussed the term's meaning in the context of an untimely motion to withdraw plea:

> "'The parties do not cite a case defining excusable neglect as used in K.S.A. 2013 Supp. 22-3210(e)(2), and our research located none. The term is defined, however, in Black's Law Dictionary:

6

"excusable neglect . . . A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." Black's Law Dictionary 1133 (9th ed. 2009).

"'This definition is consonant with Kansas cases applying K.S.A. 60-206 and K.S.A. 60-260, both of which use the term. See *Tyler v. Cowen Construction, Inc.*, 216 Kan. 401, 406-07, 532 P.2d 1276 (1975); *Wilson v. Miller*, 198 Kan. 321, 321-22, 424 P.2d 271 (1967).'" *State v. Reed*, No. 111,663, 2015 WL 4716290, at *3-4 (Kan. App. 2015) (unpublished opinion).

In this case, Oscar Cortez-Dorado did not file his motion until April 3, 2017, approximately 26 months after his sentence became final and approximately 14 months after the 1-year deadline set forth in K.S.A. 2017 Supp. 22-3210(e)(1) expired. Accordingly, whether the district court could consider the possible merits of his motion—that permitting him to withdraw his plea after sentencing was necessary to correct a manifest injustice—depended on whether he first could meet his procedural burden of showing excusable neglect for his late filing. See *Davisson*, 303 Kan. at 1066-67, 1069, (whether district court could consider possible merits of defendant's motion depended upon whether defendant could first meet his burden under K.S.A. 2015 Supp. 22-3210[e][2] of showing excusable neglect for his late filing).

To support his claim of excusable neglect before the district court, Cortez-Dorado alleged his retained lawyer and the clerk of the district court failed to provide him the materials he needed to pursue postconviction remedies. Cortez-Dorado also alleged that the State of Kansas hindered his access to any law library or aid due to the materials being in English instead of Spanish and ultimately had to turn to "volunteer inmates" to file the motion to withdraw his plea.

The district court summarily denied Cortez-Dorado's motion to withdraw. Relevant here, the court held Cortez-Dorado's motion to be procedurally barred because he failed to establish the excusable neglect necessary to extend the one-year deadline:

"Defendant blames his lawyer in an effort to show excusable neglect. Defendant needs far more than a bald assertion that his lawyer was at fault. *State v. Woodward*, 288 Kan. 297[, 202 P.3d 15] (2009). The record shows that Defendant retained a lawyer for the express purpose of investigating whether he should withdraw his plea before sentencing. After several months while Defendant pondered whether to withdraw the plea or to go forward with the plea, Defendant, with the advice of his newly retained attorney, decided not to move to withdraw the plea and to go forward with the negotiated plea."

As he did before the district court, Cortez-Dorado argues on appeal that a failure by his attorney and the district court clerk to respond to his written correspondence requesting copies of transcripts and his case file amounts to excusable neglect for failing to timely file his motion to withdraw his plea. But Cortez-Dorado fails to provide any evidence to support the conclusory argument he presents. Specifically, Cortez-Dorado provides no proof that he sent letters to his attorney and the district court clerk. And, although he claims this correspondence was sent within the one-year time limitation for filing his particular motion to withdraw, he fails to provide the date upon which he sent this alleged correspondence. Moreover, Cortez-Dorado's claim that his attorney's failure to provide information amounts to excusable neglect for the untimeliness of his postsentence motion to withdraw his plea is directly at odds with his attorney's statements to the court at his sentencing hearing. At that hearing, Cortez-Dorado's retained attorney specifically asked the court to continue the hearing so that the attorney could have more time to investigate the possibility of filing a presentence motion to withdraw his plea. Cortez-Dorado told the court that he did not want to file a motion to withdraw plea but instead wanted to proceed directly to sentencing.

8

Cortez-Dorado also argues on appeal that the absence of Spanish legal materials in the prison library amounts to excusable neglect for failing to timely file his motion to withdraw his plea. We disagree, primarily because the lack of Spanish legal materials in the prison library did not prevent Cortez-Dorado from ultimately filing his motion. The United States Supreme Court has held that prisoners do not have an abstract, freestanding right to a law library or legal assistance but rather a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Access to the courts means prisoners must have "a reasonable adequate opportunity" to mount legal claims. *Bounds v. Smith*, 430 U.S. 817, 825, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). The record in this case establishes Cortez-Dorado had reasonable access to present his claims to the district court within the time allotted.

For the reasons stated above, I would find Cortez-Dorado failed to make the necessary showing of excusable neglect necessary to extend the one-year deadline for filing his motion to withdraw his plea. Based on this finding, I would deem Cortez-Dorado's motion to be untimely and procedurally dismiss his appeal without considering the substantive merits of his manifest injustice argument. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).