NOT DESIGNATED FOR PUBLICATION

No. 118,607

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KYLE D. MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 1, 2019. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

PER CURIAM: Kyle D. Moore appeals the district court's rejection of his pro se motion to correct an illegal sentence, which the district court treated as a motion to set aside his convictions. Before us, Moore argues the district court erred in refusing to allow him to withdraw his plea on the grounds that he was never informed of his duty to register. Assuming Moore's characterization of his motion as being one to withdraw plea is correct, we find Moore's motion was untimely and did not address excusable neglect, which is a procedural bar to our consideration of his claim on the merits. Accordingly, we affirm the district court's dismissal of his motion.

1

In 2009, the State charged Moore in Harvey County District Court with violating K.S.A. 2009 Supp. 21-36a09(a), which prohibited possession of pseudoephedrine with an intent to use the product to manufacture a controlled substance, a severity level 2 drug felony. A jury convicted Moore, and the district court sentenced him to 55 months in prison. *State v. Moore*, No. 105,851, 2012 WL 2045359, at *1 (Kan. App. 2012) (unpublished opinion).

Moore appealed and, among other things, argued that he should have been sentenced under K.S.A. 2009 Supp. 21-36a09(b)(1), which criminalized use of or possession with intent to use "any drug paraphernalia to . . . [m]anufacture, cultivate, plant, propagate, harvest, test, analyze or distribute a controlled substance" and was only a drug severity level 4 felony. 2012 WL 2045359, at *3. Applying *State v. Snellings*, 294 Kan. 149, 273 P.3d 739 (2012), and *State v. Adams*, 294 Kan. 171, 273 P.3d 718 (2012), a panel of this court found that K.S.A. 2009 Supp. 21-36a09(a) was identical to K.S.A. 2009 Supp. 21-36a09(b)(1) and that Moore should have been sentenced consistent with someone convicted of the lesser severity level 4 drug felony instead of the higher severity level 2 drug felony. While Moore's conviction was affirmed, the panel ordered that he be resentenced. *Moore*, 2012 WL 2045359, at *5.

On remand, the district court resentenced Moore to 20 months in prison. Because Moore had already served more than 20 months at the time of resentencing, the district court ordered that Moore be released immediately. Moore was released on June 29, 2012.

Moore was subsequently charged with five counts of failure to register in Reno County District Court. On June 2, 2014, as part of a plea agreement with the State, Moore agreed to plead guilty to all counts and to waive his right to directly appeal his convictions and sentences. On July 14, 2014, the district court sentenced Moore to 32

2

months in prison but granted him a dispositional departure to probation for a period of 24 months.

On October 1, 2014, the State sought to revoke Moore's probation, alleging that he had failed to report, had failed to attend court-ordered substance abuse treatment, and had used methamphetamine and marijuana. It took over a year to find and arrest Moore. At a probation violation hearing on December 21, 2015, the district court found Moore in violation of the terms of his probation and, having previously imposed a three-day jail sanction, ordered Moore to serve an intermediate sanction of 120 days in prison.

On April 20, 2016, the State again sought to revoke Moore's probation, alleging that he had committed new crimes, specifically, 10 new counts of failure to register between December 2014 and September 2015. After a hearing, the district court revoked Moore's probation and imposed his underlying prison sentence.

On July 27, 2017, Moore filed a pro se motion for correction of sentence, arguing that his convictions should be vacated because his earlier drug conviction did not require him to register as a drug offender. Moore was appointed counsel, and the district court held a hearing on the motion on October 5, 2017.

At the hearing, Moore argued that the Court of Appeals' remand for resentencing changed his conviction to one under K.S.A. 2009 Supp. 21-36a09(b)(1), which did not require him to register as a drug offender. Moore further argued that his convictions should be set aside because he was not told he had to register. Finally, he argued that he did not have to register because he received a letter from the KBI on July 14, 2017, telling him he did not have to register.

The district judge stated:

> "Well, just so one thing I'm clear on, technically what we're requesting is a motion to set aside the conviction because the defendant pled to these charges and was convicted. So if he was sentenced correctly based upon what he pled to and was convicted of, so there, I don't see how there can be an illegal sentence. Basically what he's asking is to set aside a crime he pled to."

Moore agreed with the district court's characterization.

In response, the State argued the fact that Moore was resentenced as a severity level 4 did not change the nature of the conviction. It argued that Moore's claim that he was not informed about registering at the time of sentencing did not matter as Kansas Supreme Court jurisprudence established that the registration requirement occurs at the time of the conviction, not before or as a part of sentencing. Moreover, with respect to the KBI letter, the State argued and Moore conceded that he received a follow-up letter dated August 14, 2017, telling him that the first letter was an error and he did have to register. Finally, the State argued that Moore had failed to present a prima facie case for setting aside his plea.

The district court agreed with the State, finding that as a matter of law Moore's drug conviction was still under K.S.A. 2009 Supp. 21-36a09(a) and Moore could not claim that resentencing changed his conviction to one under K.S.A. 2009 Supp. 21-36a09(b)(1). The district court denied Moore's motion because his conviction under K.S.A. 2009 Supp. 21-36a09(a) required registration.

Moore timely appeals.

On appeal, Moore reframes his argument from that made before the district court. Before the district court, he argued his convictions for failure to register should be set aside because he was earlier sentenced for a drug offense that did not require registration. Although his motion before the district court was titled as a motion to correct an illegal sentence, the district court construed it as a motion to set aside his convictions, presumably under K.S.A. 60-1507, on the grounds that Moore was not challenging the legality of his sentences but his convictions. Before us, Moore appears to argue that the district court erred in refusing to allow him to withdraw his plea on the grounds that he was never informed of his duty to register.

The State adamantly opposes this characterization, arguing that the district court did not consider any of the established factors to determine whether plea withdrawal was appropriate. See *State v. Wilson*, 308 Kan. 516, 521, 421 P.3d 742 (2018). The State also insists that we are barred from considering Moore's arguments because they were not raised below.

However, we need not resolve the question of whether Moore is seeking to withdraw his plea or some other remedy which results in vacating his convictions for failing to register. Even if we construe Moore's claim as one seeking to withdraw plea, the record reveals a fatal, unaddressed procedural defect: Moore's motion was untimely.

Under K.S.A. 2018 Supp. 22-3210(d)(2): "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Such a motion must be filed within one year of either:

5

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2018 Supp. 22-3210(e)(1).

The one-year time limit may be extended "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2018 Supp. 22-3210(e)(2). When a defendant fails to make a showing of excusable neglect, appellate courts consider the motion untimely and deny relief. See *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).

The district court sentenced Moore on July 11, 2014, for failing to register. Consistent with his plea agreement, the record does not show that Moore ever directly appealed the convictions. Moore's July 27, 2017 motion for correction of sentence was filed more than three years after Moore's sentence became final. Even if construed as a motion to withdraw a plea, Moore's motion was untimely under K.S.A 2018 Supp. 22-3210(e)(1). Moore was therefore required to make a showing of excusable neglect explaining why the motion was untimely. See K.S.A. 2018 Supp. 22-3210(e)(2). Moore did not discuss excusable neglect before the district court nor does he make any such argument before us. As the failure to argue excusable neglect after filing an untimely postsentencing motion to withdraw a plea is fatal, Moore's motion is procedurally barred. See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013); see also K.S.A. 2018 Supp. 60-1507(f)(1) (motion to set aside conviction must be brought within one year); K.S.A. 2018 Supp. 60-1507(f)(2) (one-year time limitation may be extended upon prisoner's showing of manifest injustice). The district court correctly dismissed the motion, albeit for the wrong reasons. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (decision of district court upheld where right for wrong reason).

Affirmed.