NOT DESIGNATED FOR PUBLICATION

No. 122,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES R. TOMLIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed April 30, 2021. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Thomas R. Stanton*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Charles R. Tomlin appeals the district court's denial of his motion to withdraw his plea. He argues that the district court abused its discretion by dismissing his motion as untimely. For the reasons explained below, we disagree with Tomlin's claim and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, the State charged Tomlin with manufacturing methamphetamine and other drug-related charges. Those charges were later dismissed and in February 2007, the State filed a new complaint against Tomlin alleging the same crimes. Tomlin moved to

1

dismiss based on an alleged violation of his speedy trial rights. But that motion was later withdrawn and in February 2008, Tomlin pled no contest to six crimes related to manufacturing methamphetamine. On April 11, 2008, the district court sentenced Tomlin to a controlling term of 148 months' imprisonment but granted a dispositional departure to probation for 36 months. In December 2008, after Tomlin stipulated to violating the terms of his probation, the district court revoked Tomlin's probation and ordered him to serve his sentence. Tomlin did not pursue a direct appeal of his conviction, original sentence, or probation revocation.

In January 2010, Tomlin moved for relief under K.S.A. 60-1507, claiming that he wanted to withdraw his plea and that he had received ineffective assistance of counsel. The district court denied Tomlin's K.S.A. 60-1507 motion as untimely, and that decision was upheld on appeal. *Tomlin v. State*, No. 104,903, 2011 WL 5389877 (Kan. App. 2011) (unpublished opinion).

Meanwhile, on December 21, 2010, Tomlin filed a pro se motion to withdraw his plea under K.S.A. 22-3210. In that motion, Tomlin asserted

> "[t]hat he was coerced into making the plea by being given false information about his Constitutional rights as far as being subject to the charges after a preliminary hearing had been held and the charges dismissed as having 'no basis,' and then having the County Attorney shop around for a Judge so he could get the charges re-instated without any new evidence/information being presented. This false information was presented to the defendant by his Attorney."

The district court appointed counsel to represent Tomlin on the motion. The State moved to dismiss, arguing that Tomlin's motion was untimely and, thus, the district court lacked jurisdiction to consider it. On February 18, 2011, the district court held a hearing on the competing motions. After hearing arguments of counsel, the district court granted the State's motion and dismissed Tomlin's motion to withdraw his plea.

2

Tomlin timely filed his notice of appeal. The district court appointed the Appellate Defenders Office (ADO) to represent Tomlin on appeal, but for unknown reasons, no appeal was docketed. In December 2019, the district court relieved the ADO of its appointment and appointed different counsel to pursue Tomlin's appeal. In May 2020, counsel moved to docket this appeal out of time and this court granted the motion.

ANALYSIS

On appeal, Tomlin claims the district court erred in denying his motion to withdraw his plea. Tomlin argues the merits of the motion and asserts that his attorney gave him false information about his rights in the case, especially about the refiled charges and his motion to dismiss on speedy trial grounds. The State argues that the district court did not err dismissing Tomlin's motion because it was untimely.

"[W]hen the district court denies a motion to withdraw plea as untimely filed, such decision is reviewed under an abuse of discretion standard." *State v. Hill*, 311 Kan. 872, 875, 467 P.3d 473 (2020). "'A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.' [Citation omitted.]" *State v. Reed*, 306 Kan. 899, 903, 399 P.3d 865 (2017).

A district court may grant a postsentencing motion to withdraw plea and set aside the conviction "[t]o correct manifest injustice." K.S.A. 2020 Supp. 22-3210(d)(2). But since 2009, a postsentencing motion to withdraw a plea

> "must be brought within one year of: (A) The final order of the last appellate court in this
> state to exercise jurisdiction on a direct appeal or the termination of such appellate
> jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States
> supreme court or issuance of such court's final order following the granting of such
> petition." K.S.A. 2020 Supp. 22-3210(e)(1).

3

"This time limitation was added to the statute in 2009. For claims that predate the 2009 amendment, the time limitation began to run on the effective date of the statute, April 16, 2009." *Hill*, 311 Kan. at 877. Thus, Tomlin had until April 16, 2010, to file a timely motion to withdraw plea, and it is undisputed that he did not meet this deadline. But under K.S.A. 2020 Supp. 22-3210(e)(2), the district court can extend the deadline "only upon an additional, affirmative showing of excusable neglect by the defendant." The term "excusable neglect resists clear definition and must be determined on a case by case basis." 311 Kan. at 878.

Tomlin argues now that he "should have been given an opportunity to explain . . . the reasons why [his motion] was not filed within the one year statute of limitations." But the appellate record establishes that he had such an opportunity, he simply did not avail himself of it. Tomlin's motion to withdraw plea gave no reason for the two-year period between his sentencing and filing the motion. At the hearing on his motion, Tomlin argued that the 2009 amendment should not apply to his motion and that he "didn't know he had a year requirement to do that." But mere ignorance of the law does not constitute excusable neglect. *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016).

On appeal, Tomlin still does not make an affirmative showing of excusable neglect. Instead, he notes the statutory one-year deadline and the circumstances under which a district court may extend it, then he explains the merits of his argument in support of allowing him to withdraw his plea:  ineffective assistance of counsel during his criminal proceedings. But before we reach the merits of his request to withdraw his plea, we must consider whether that request is procedurally barred as untimely—in other words, whether he has shown excusable neglect caused the delay in filing. See *State v. Fox*, 310 Kan. 939, 944, 453 P.3d 329 (2019) (declining to address merits of motion to withdraw plea when movant failed to show excusable neglect caused delay in filing).

Because Tomlin failed to even assert excusable neglect in his motion to withdraw plea filed in the district court, the district court did not abuse its discretion by dismissing his motion to withdraw plea as untimely. See *State v. Williams*, 303 Kan. 605, 607-08, 366 P.3d 1101 (2016) (affirming denial of untimely motion to withdraw plea when the motion "presents no reason to excuse the delay" and was "silent as to excusable neglect"). Tomlin has failed to assert any basis for this court to overturn the district court's ruling.

Affirmed.