NOT DESIGNATED FOR PUBLICATION

No. 122,592

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS AARON MCGEE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed April 30, 2021. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Nicholas Aaron McGee appeals the district court's denial of his untimely postsentence motion to withdraw his guilty plea following a nonevidentiary hearing. On appeal, McGee contends that the district court erred by failing to hold an evidentiary hearing. In response, the State contends that an evidentiary hearing was not required because McGee never attempted to show excusable neglect to justify the untimely filing of his motion. Based on our review of the record, we find that the district court did not err in denying McGee's postsentence motion to withdraw his plea. Accordingly, we affirm the district court.

1

In September 1999, McGee was convicted of two counts of indecent liberties with a child. As a result of those convictions, the Kansas Offender Registration Act required him to register as a sex offender with the State of Kansas. See K.S.A. 22-4901 et seq. However, McGee failed to properly do so.

On March 22, 2012, McGee pled guilty to one count of violating his duty to register as a sex offender. The district court sentenced McGee to an underlying 34-month prison term. However, the district court granted McGee's request for a downward dispositional departure and placed him on probation.

Subsequently, McGee violated the terms of his probation. On two occasions, the district court revoked and reinstated McGee's probation. After McGee again violated the terms of his probation, the district court revoked his probation for a third time. On this occasion, the district court ordered McGee to serve his original sentence. Although McGee filed a notice of appeal, the district court dismissed it for failure to file a docketing statement.

On September 30, 2019, McGee filed a pro se motion to withdraw plea. In his motion, McGee asserted that his criminal history score had been incorrectly calculated at the time of his sentencing seven years before. He further claimed that he had told his attorney about the alleged error in his criminal history score but that it was never brought to the district court's attention. Based on these assertions, McGee claimed that his trial counsel had been ineffective.

The district court appointed an attorney to represent McGee and held a nonevidentiary hearing. At the conclusion of the November 26, 2019 hearing, the district

2

court denied the motion, finding that it was time-barred. See K.S.A. 2020 Supp. 22-3210(e)(1). Thereafter, McGee filed a timely notice of appeal.

ANALYSIS

McGee contends that the district court erred in summarily dismissing his untimely filed postsentence motion to withdraw guilty plea. In particular, McGee argues that an evidentiary hearing was necessary to allow him to explain why his motion was not timely filed. The State contends that the district court properly denied the motion following a nonevidentiary hearing where McGee was represented by counsel because McGee failed to show excusable neglect to justify the untimely filing of the motion.

Generally, we will not disturb a district court's denial of a postsentence motion to withdraw a plea absent an abuse of discretion. *State v. Fox*, 310 Kan. 939, 943, 453 P.3d 329 (2019). A judicial action constitutes an abuse of discretion only if: (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Here, McGee has the burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2020 Supp. 22-3210(d)(2) provides: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." However, a defendant must file any postsentencing motion to withdraw plea within one year of the termination of direct appeal jurisdiction. K.S.A. 2020 Supp. 22-3210(e)(1). After one year has passed, the district court may extend the time limit "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2); see *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013).

3

"Excusable neglect requires 'something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.' [Citation omitted.]" *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020). Our Supreme Court has made it clear that K.S.A. 2019 Supp. 22-3210(e)(2) "places the burden on the defendant to at least make an effort to show that it exists." *State v. Hill*, 311 Kan. 872, 878, 467 P.3d 473 (2020). In the present case, McGee acknowledges that his motion to withdraw plea was filed well beyond the one-year time limit set forth in K.S.A. 2020 Supp. 22-3210(e)(1).

A review of the record reveals that McGee failed to include any allegation of excusable neglect in his motion. Likewise, he failed to do so at the nonevidentiary hearing held by the district court and chose to simply "rest on the written motion." Even in his brief on appeal, McGee simply claims that the district court should have held a hearing to inquire as to why his motion was untimely filed, but he fails to offer any explanation why his delay in filing the postsentence motion was excusable. Where a defendant makes no attempt to establish excusable neglect, we will find the motion untimely and procedurally barred. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016).

Here, the parties agree that McGee filed his postsentence motion to withdraw well after the statutory deadline had passed. Nevertheless, McGee failed to explain in his motion, at the hearing, or in his brief on appeal any scenario to establish excusable neglect for his belated filing. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (An issue not briefed is deemed waived and abandoned.). Accordingly, we conclude that McGee failed to show an abuse of discretion in the district court's decision to deny his motion following a nonevidentiary hearing.

Affirmed.