NOT DESIGNATED FOR PUBLICATION

No. 122,514

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES P. CODY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed April 30, 2021.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before GARDNER, P.J., GREEN and BUSER, JJ.

PER CURIAM: This is an appeal by James P. Cody of the district court's denial of
his motion to withdraw plea filed about 10 years after he pled guilty and was convicted of
sexual battery. The district court ruled that Cody's motion to withdraw plea was untimely
and that he had failed to make an affirmative showing of excusable neglect to extend the
time to file the motion. Upon our review, we conclude the district court did not err in
denying the motion. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2009, Cody pled no contest to an amended count of misdemeanor sexual battery under K.S.A. 2008 Supp. 21-3517 (now K.S.A. 2020 Supp. 21-5505). The district court sentenced Cody to 12 months in jail and ordered the sentence to run concurrent with the sentences in three other criminal cases.

The journal entry memorializing the plea and sentencing consisted of a printed form with check marks in various boxes and handwriting. In relevant part the handwriting states: "Def waives trial. . . . Def advised of registration requirements due to Def's conviction in this case per K.S.A. 22-4901 et seq." The journal entry was signed by the prosecutor, defense attorney, and Judge Ben Burgess. The journal entry was also signed by Cody. Cody did not appeal his conviction or sentence, and he served his jail term.

Almost 10 years later, on March 5, 2019, Cody filed a pro se motion to withdraw his guilty plea. Upon being appointed counsel, Cody filed another motion, an amended motion, and a second amended motion to withdraw plea. A review of these motions reveals that Cody never claimed that excusable neglect resulted in his failure to file his motion to withdraw plea within the applicable one-year period. See K.S.A. 2019 Supp. 22-3210(e)(2).

Upon the State's response to the second amended motion, Cody finally addressed the issue of excusable neglect:

> "To the extent excusable neglect needs to be discussed, counsel would contend that excusable neglect is required only when a defendant has **lawfully** entered a plea. We have no evidence that ever occurred in this case. There should be no such requirement of neglect when a plea is not lawfully entered, as in the case here."

In his second amended motion Cody explained why his plea was unlawful:

"Mr. Cody alleges he was offered two pleas in this case. Although there were various terms included, the most pertinent for our discussion is one plea did not call for [KORA] registration and one did. After reviewing these offers and signing them, Cody instructed his counsel to file the plea which did not call for registration. His counsel filed the wrong journal entry, which Mr. Cody did not become aware of until years later because when he was released on this case and from prison (KDOC never instructed him to register, which was the basis for his first failure to register case being overturned by the Kansas Supreme Court)."

Alternatively, Cody asserted that "to the extent excusable neglect is required" he did not learn that he had mistakenly pled guilty in 2009 to an offense that required KORA registration until March 15, 2018, when he was charged with committing a violation of the KORA registration law. As a result, Cody asserted that he filed the motion to withdraw plea on March 5, 2019, less than one year after his discovery. Still, Cody candidly conceded: "Yes, K.S.A. 22-3210(e)(1)'s one year requirement does not pertain to knowledge, but final disposition. But again, that disposition must be lawful which was not the case."

In addition to Cody's claim that his attorney erroneously entered a guilty plea in this case, he also alleged as grounds to withdraw his plea that he never waived his right to a jury trial, he did not receive discovery from his counsel, he was actually innocent, and his counsel was ineffective for not considering that Cody was innocent.

The district court held a hearing on the motion, heard arguments from the parties, and took the matter under advisement. Ultimately, the district court denied Cody's motion to withdraw plea, ruling: "Defendant entered his plea on 6-25-09 [and] did not file his motion until 3-5-19. Defendant fails his burden under K.S.A. 22-3210(e)(2)—there is no excusable neglect."

3

Cody appeals.

ANALYSIS

On appeal, Cody contends the district court abused its discretion when it ruled that he failed to establish excusable neglect to extend the period for timely filing his motion to withdraw plea. The State responds that the district court properly found the motion was untimely and Cody failed to meet his burden of establishing excusable neglect.

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2020 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

A postsentence motion to withdraw plea must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2020 Supp. 22-3210(e)(1).

See *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013). Cody readily acknowledges that his motion was filed beyond the one-year period provided in this subsection.

4

The one-year period, however, may be extended "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2). Where a defendant makes no attempt at an affirmative showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. *State v. Williams*, 303 Kan. 605, 607-08, 366 P.3d 1101 (2016). Ignorance of the statute's existence or other assertions of ignorance of the law do not constitute excusable neglect under K.S.A. 2020 Supp. 22-3210(e)(2). See *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016).

"Excusable neglect requires 'something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.' *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974)." *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020). The *Gonzalez* panel relied on Black's Law Dictionary to define excusable neglect:

> "'A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the par[t]y's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party.' Black's Law Dictionary 1133 (9th ed. 2009)." *Gonzalez*, 56 Kan. App. 2d at 1229-30.

In the district court, Cody initially did not mention excusable neglect. Later, he argued that he was not required to establish excusable neglect because he did not lawfully enter the plea. But on appeal, Cody has not provided any precedent in support of this novel notion, and we are not aware of any statutory or caselaw support for this assertion. On the contrary, a plain reading of K.S.A. 2020 Supp. 22-3210(e)(2) and Kansas caselaw makes clear that a timely filing of the motion to withdraw plea or permission to file the motion out of time due to the movant's excusable neglect is a prerequisite to a defendant's ability to obtain relief from a plea that is not lawfully entered. In short, Cody's claim that

his guilty plea was unlawful does not vitiate the timely filing requirements of K.S.A. 2020 Supp. 22-3210(e)(2).

Next, we consider Cody's alternative argument that the district court abused its discretion by finding that he did not show excusable neglect to extend the one-year period to file the motion as allowed under K.S.A. 2020 Supp. 22-3210(e)(2). As the party asserting the district court abused its discretion, Cody bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

On appeal, Cody reprises the argument he made in the district court: "Cody had believed that he was not required to register as a sex offender . . . it was not until March 15, 2018, that he fully realized that he was required to register, and that he had moved to withdraw his plea within one year thereafter." We understand Cody's argument is that it was not until March 15, 2018, that he realized that he pled guilty in June 2009 to a sex crime that required him to comply with KORA registration requirements. With this new-found knowledge Cody filed his motion to withdraw plea on March 5, 2019, which was within one year of March 15, 2018.

At the outset, K.S.A. 2020 Supp. 22-3210(e)(1) requires a movant to file a motion to withdraw plea within one year of the final disposition of the criminal case—not one year from the defendant's realization or discovery that the plea was purportedly unlawful. As Cody acknowledged in the district court, "K.S.A. 22-3210(e)(1)'s one-year requirement does not pertain to knowledge, but final disposition." We agree. Cody's filing of the motion within one year of the discovery of the allegedly unlawful guilty plea does not comply with the provisions of K.S.A. 2020 Supp. 22-3210(e)(2).

Nevertheless, Cody's principal argument is that his lack of knowledge that he had unknowingly pled guilty to a sex crime mandating KORA registration established

excusable neglect for his failure to file a motion to withdraw plea within the requisite one-year period.

Our review of the evidence shows that the district court had ample reason to conclude that, contrary to Cody's assertions, the defendant knew or should have known that the sex crime he pled guilty to in 2009 required KORA registration. The journal entry memorializing the plea and sentence stated that Cody and his attorney were personally present in district court during the proceedings before Judge Ben Burgess. Among other handwritten statements setting forth the crime, plea, and sentencing, the journal entry clearly stated in handwriting: "Def advised of registration requirements due to Def's conviction in this case per K.S.A. 22-4901 et seq." This statement indicates that Judge Burgess personally advised Cody at the time of his plea and sentencing that he was required to comply with KORA reporting requirements.

Moreover, the journal entry was signed not only by the prosecutor, defense attorney, and Judge Ben Burgess—*but by Cody himself*. This tends to show that not only was Cody orally advised of the KORA requirements at the time of the plea but that he signed the journal entry which confirmed in writing that, among other things, he had been advised of the KORA requirements.

In ruling against Cody's excusable neglect argument, the district court specifically referenced the journal entry writings that contradict Cody's assertions. And despite Cody's allegation that his trial counsel filed the wrong journal entry, the district court found that Cody signed the journal entry that was filed. While the district court acknowledged that Cody "proffered he signed both" plea options, the judge found, "I don't have any hard evidence to that effect."

Additionally, the district judge found that Cody "has been aware of the registration requirements, I believe, since 2012 and after that awareness it still was seven years later

that he filed the motion." The record is devoid of details but based on the parties' arguments, it appears that in 2012 Cody was arrested and charged with failing to register under KORA. This formed an additional factual basis for the district court to find that Cody had knowledge in 2012 that his 2009 plea included KORA reporting requirements. Cody does not dispute these facts by the district court, and instead, appears to ask this court to reweigh the evidence—or lack thereof—which is something this court does not do. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). Regardless, the record supports the district court's findings.

Cody does not claim the district court made an error of law or that the district court's ruling was arbitrary, fanciful, or unreasonable. See *Ingham*, 308 Kan. at 1469. He merely reiterates the same arguments provided to the district court and contends he "adequately alleged excusable neglect, and the district court erred when it concluded otherwise." For all the reasons discussed, we conclude that Cody has failed to meet his burden of proving the district court abused its discretion in ruling that he failed to show excusable neglect in the late filing of his motion to withdraw plea.

Affirmed.